### STATE v. MILTON JAMES FORD, JR.

(Filed 23 March, 1966.)

**1. Criminal Law § 112—**

Ordinarily, objection to the statement of the contentions and to the court's review of the evidence must be made before the jury retires.

**2. Same—**

When the court states defendant's contention that if he were guilty the State would have also prosecuted his minor accessory, it will not be held for prejudicial error that the Court states the opposing contention supported by evidence, that the accessory would be dealt with in the juvenile court and that the minor had only done what the older defendant had told him to do.

**3. Larceny § 10—**

Where the indictment charges simple larceny of property of a value less than $200, G.S. 14-27 does not apply and sentence of five to seven years must be vacated, notwithstanding defendant's conviction on a prior count of breaking and entering and notwithstanding the sentences on the counts are made to run concurrently.

MOORE, J., not sitting.

ON *certiorari* from *Burgwyn, E.J.,* 6 September 1965 Schedule "C" Criminal Conflict Session of MECKLENBURG. On 9 October 1965 defendant filed in this Court a petition for a writ of *certiorari* to give him additional time to serve his statement of case on appeal on the State, due to the fact that the court reporter was unable by reason of prior engagements to deliver to him a transcript of the trial. This Court in conference on 20 October 1965 allowed his petition, and ordered that the case be heard at its regular time at the Spring Term 1966, and allowed him additional time in which to serve statement of case on appeal on the solicitor. This case was docketed as Case No. 268 Fall Term 1965, and docketed and argued as Case No. 247 Spring Term 1966.

Criminal prosecution upon an indictment containing two counts: The first count charges that defendant on 28 May 1965, with intent to commit larceny therein, did feloniously break and enter a dwelling house occupied by Otto Withers, where chattels, money, and valuable securities were kept, a violation of G.S. 14-54; and the second count charges defendant on the same day with the larceny of a strong box containing $150 in money, the property of Otto Withers.

Defendant, represented by his counsel Charles V. Bell, a member of the Mecklenburg County Bar, entered a plea of not guilty. Verdict: Guilty of a felonious breaking and entry as charged in the

indictment, and guilty of the larceny of property of a value of less than $200 as charged in the indictment.

From a judgment on each count that defendant be imprisoned for a term of not less than five years nor more than seven years, said sentences to run concurrently, defendant appealed to the Supreme Court.

It appearing to the court that defendant was indigent, the court appointed Charles V. Bell to perfect his appeal and to appear for him in the Supreme Court, and also entered an order allowing defendant to appeal *in forma pauperis*.

*Attorney General T. W. Bruton and Assistant Attorney General James F. Bullock for the State.*

*Charles V. Bell for defendant appellant.*

PER CURIAM. The State's evidence showed the following facts: On 28 May 1965 Otto Withers lived with his wife in a frame house with seven rooms at 2207 Fairway Lane in the Brookhill vicinity near Tremont Avenue in the city of Charlotte. The house has seven rooms and windows in just about every room. The windows have screens. On that day Otto Withers had in his house an iron safe which contained his valuable papers and $150 in cash money consisting of a $100 bill and $5 and $10 bills, which he was keeping for emergency purposes. This safe was about three feet by two feet and weighed about 100 or 125 pounds. A man could lift it. About 8 a.m. on this day Withers and his wife left his home to go to work. Before he left he locked the doors and windows of his house. He had in his pocket the keys to his safe, which was locked, and when he left home that morning his $150 in money was in the safe.

On this morning after Otto Withers and his wife had left his home, Ida Louise Massey, a young girl in the third grade, who lived in the neighborhood of the Withers' house, who had not gone to school that day and who was playing in the neighborhood, saw defendant go to a window in the Withers' home. Defendant had a golf club. He hit a screen over one of the windows with the golf club, stuck his hand in the screen, and pulled the screen off. Defendant then placed a stool by the window, got on it, pulled the window up, and went inside the house. She saw him throw stuff out the window, and throw a safe out the window. He picked up the safe and carried it in the direction of a branch nearby. A boy called "June Bug," who is about 14 years old, was standing around a branch bank playing golf with 10 or 12 children. When defendant was getting ready to go in the house, he called June Bug from across the parkway. Ida

Louise Massey testified: "First when he was getting ready to go in the house, when I heard them talking, say — told June Bug to go over there and stand by the road and tell him if anybody was coming so he could get out of the house and so if somebody was coming he would know when to get out of the house." June Bug did not go in the house.

Otto Withers was called to his home by police about noon on this day. When he arrived at his home, he saw that the screen over the window facing the branch had been torn out, a fan mounted in the window had been knocked out, and the window was open just as high as it would go. There had been taken from his home five suits of clothes, his wife's portable radio, a camera, and his safe. Later he saw his safe in a branch near his house. The lock had been battered out, and the door of the safe prized open. In the safe was his pocketbook, but his $150 in money, which was in the safe when he left home, was not in it.

A police officer of Charlotte picked up June Bug, who had with him a set of golf clubs. The police turned him over to the Youth Bureau. They do not know if he was ever tried in the juvenile court.

Defendant, testifying in his own behalf, denied that he had entered the Withers' home. On cross-examination defendant admitted that he had been tried and convicted for stealing in 1960 and again for stealing in 1964.

Defendant makes no contention that the State's evidence was insufficient to carry the case to the jury. Defendant has one assignment of error and that is to the part of the charge which will be set out below. The court charging the jury instructed it in substance, as a part of defendant's contentions, that the defendant contended the jury ought not to convict him on the evidence of this little girl, Ida Louise Massey. He contends that while she is not dishonest that she could be mistaken about her identification of himself as being the man who entered the house through the window and who carried the safe away after it was thrown out on the ground, contending that June Bug, the little boy 14 or 15 years old, who was partly guilty has not been tried in the court here, and that had he been guilty he would have been tried, and the defendant contends the jury should consider that as some evidence that there is some doubt about his guilt, because June Bug has not as yet been tried. Immediately after stating that contention of defendant, the court charged as follows, which defendant assigns as error: "While the State contends in answer to that that June Bug is an infant, so far as the law is concerned, below the age acceptable for prosecution for crime except in the juvenile court of the State and would be

tried down there and punished if guilty, some punishment meted out to them *(sic)*, if found guilty. The State contending that June Bug was a little boy just 15 years old, while the defendant is a man apparently much older and that the little boy only did what he was told to do by the defendant and not what is known as voluntarily doing it himself, lead into it by a man older than himself."

As a general rule, objections to the statement of contentions and to the review of the evidence must be made before the jury retires, or they are deemed to have been waived. *S. v. Saunders,* 245 N.C. 338, 95 S.E. 2d 876. There is nothing in the record before us to indicate that the defendant made any objection to this statement of his contentions by the trial judge. The judge's statement of defendant's contentions in part as stated above, and his statement of the State's contentions in reply thereto, do not show the statement of a material fact not shown in the evidence, because the State's evidence affirmatively shows that June Bug was turned over to the Youth Bureau. The challenged part of the charge in stating the State's contentions in answer to the defendant's contentions as set forth above is, in our opinion, not erroneous, but if error it is not sufficiently prejudicial to disturb the verdict and judgment below on the verdict of guilty on the first count in the indictment. The case of *S. v. Revis,* 253 N.C. 50, 116 S.E. 2d 171, upon which the defendant relies, is factually distinguishable, in that, *inter alia,* the court charged that evidence elicited from defendant on cross-examination for the purpose of impeachment was evidence offered by defendant, and stated that defendant made certain contentions thereon.

The jury found defendant guilty of the larceny of property of the value of less than $200, a misdemeanor. G.S. 14-72 does not apply because the second count in the indictment does not allege that the alleged larceny was committed pursuant to a felonious breaking and entry. It was error for the judge to impose upon the conviction of larceny as alleged in the second count in the indictment a prison sentence of five to seven years, and it is hereby vacated. *S. v. Cooper,* 256 N.C. 372, 124 S.E. 2d 91. It is true that the sentence imposed on the conviction on the larceny count was to run concurrently with the sentence imposed on the conviction on the felonious breaking and entry alleged in the first count in the indictment, but the larceny sentence is not authorized by law. Under the circumstances here, it would seem unjust for the State to pray judgment on the larceny count because the trial judge was of the opinion that the judgment on that count should run concurrently with the judgment on the other count.

In the trial below we find no error, except the judgment on the

verdict of guilty on the larceny count is in excess of that authorized by the statutory maximum, and is vacated.

No error, except judgment on larceny count vacated.

MOORE, J., not sitting.