STATE OF NORTH CAROLINA v. BRYON BRANTLEY NEWSOME
No. 7010SC47

(Filed 1 April 1970)

**1. Automobiles § 129—— drunken driving prosecution — instructions — defendant's contentions**

In a prosecution for driving under the influence of intoxicating liquor, the trial court's charge on the contentions of defendant *held* not to constitute an expression of opinion on the evidence.

**2. Criminal Law § 163—— objections to the charge — contentions**

Objections to the statement of contentions are waived unless they are made before the jury retires.

**3. Automobiles § 129—— drunken driving — instructions**

In a prosecution for drunken driving, the charge of trial court, when read as a whole and when due consideration is given to the fact that all of defendant's evidence tended to show that defendant was not under the influence of intoxicating liquor, *held* to have properly explained the effect of all the evidence and presented the question of defendant's guilt or innocence to the jury.

**4. Automobiles § 129; Criminal Law § 112—— instructions — burden of proof —— reasonable doubt**

In a prosecution for drunken driving, the charge of the trial court, when read in context, properly placed the burden of proof upon the State to satisfy the jury of defendant's guilt beyond a reasonable doubt.

**5. Criminal Law § 163—— exception to the charge — appropriate time**

The appropriate time for taking an exception to the charge of the court is within the time allowed for the preparation of the case on appeal.

**6. Criminal Law § 163—— exceptions to the charge — necessity**

Only such exceptions to the charge as appear in the record on appeal can be made the basis for appellate relief.

**7. Criminal Law § 99—— conduct of trial court — examination of witnesses**

The trial court may ask a witness questions designed to obtain a proper

understanding and clarification of the witness' testimony or to bring out some fact overlooked.

APPEAL by defendant from *Carr, J.,* 4 August 1969 ("B") Session of Superior Court held in WAKE County.

Defendant was charged in a warrant with the offense of operating a motor vehicle upon the public highways while under the influence of intoxicating liquor in violation of G.S. 20-138. Defendant, upon his trial in the district court, was found guilty and appealed to the superior court. From a verdict of guilty and the judgment entered in the superior court, the defendant appealed to the Court of Appeals.

*Attorney General Robert Morgan, Assistant Attorney General William W. Melvin, and Staff Attorney T. Buie Costen for the State.*

*Tharrington & Smith by Roger W. Smith, and Carl C. Churchill, Jr., for the defendant appellant.*

MALLARD, C.J.

Defendant contends that the trial judge committed error in stating the contentions of the defendant. The defendant contends that the court expressed an opinion and assumed the truth of facts at issue when giving the following instructions relating to defendant's contentions:

"He relies upon the testimony of Mrs. Lorbacher and Mr. Collins and himself to show that he was not under the influence of intoxicants, contending that although he had drunk some intoxicant that afternoon and may have had the intoxicant on his breath when the officer stopped him; that he had drunk nothing further of an intoxicating nature and that any effect that the intoxicant may have had upon him that afternoon had passed off and that he was not under the influence at the time the officer stopped him . . . . He contends that he has offered evidence from which he contends the jury should find that any abnormal operation of his car or any abnormal action on his part after he got out of the car, if he did do any staggering, was due to the gout and that the operation of the car was due to some defective mechanism about the front of the car and he contends that you should be satisfied that any intoxicants that he had drunk had passed away; that is the effects of it; the odor may not have passed away but the effects that would have made him

under the influence had passed off to the extent that he was not under the influence. . . ."

Two State's witnesses testified that the defendant had a strong odor of some intoxicating beverage on his breath when he was arrested at about 11:00 p.m. One of the witnesses for the State testified that the defendant told him that he had been drinking bourbon whiskey that evening at about 10:30 p.m., and had "stopped at 11:00 P.M." The defendant, on direct examination, testified that he had several drinks between the hours of 1:00 and 4:00 in the afternoon, but had not had anything to drink after that, and that he had not had anything to eat since breakfast. Defendant also testified that he had the gout and that because of that, he was sometimes unsteady on his feet. The defendant also testified on direct examination that the front end of the automobile he was driving had been repaired after he was arrested.

[1, 2]   In view of the evidence in this case, we are of the opinion and so hold that the trial judge, in stating the contentions of the defendant, did not express an opinion or assume the truth of facts in issue. Moreover, the defendant made no objection to the judge's statement of his contentions until after the verdict. It is the general rule that objections to the statement of contentions are waived unless they are made before the jury retires. *State v. Ford,* 266 N.C. 743, 147 S.E. 2d 198 (1966); *State v. Saunders,* 245 N.C. 338, 95 S.E. 2d 876 (1957).

[3]   Defendant contends that the trial judge committed error in that he did not explain the effect of defendant's evidence and in failing to instruct the jury "to the effect that if, upon a consideration of all the evidence, that offered by the defendant as well as that offered by the State, they were not satisfied of the defendant's guilt beyond a reasonable doubt, it would be their duty to return a verdict of not guilty." The trial judge did not instruct the jury in this exact language; however, when the charge is read as a whole, and due consideration is given to the fact that all of the defendant's evidence tended to show that the defendant was *not* under the influence of intoxicating liquor, we think the charge properly explained the effect of all the evidence and presented the question of the guilt or innocence of the defendant to the jury.

[4]   We do not agree with the defendant's contention that the trial judge committed error in the following instructions given to the jury:

"[I]f the State has failed to so satisfy you of those facts beyond a reasonable doubt, it would be your duty to return a verdict of not guilty."

"[B]ut if the State has failed to so satisfy you of those facts beyond a reasonable doubt, it would be your duty to return a verdict of not guilty."

When the charge is read in context, we think the trial judge properly placed the burden of proof upon the State to satisfy the jury of the defendant's guilt beyond a reasonable doubt before the jury could return a verdict of guilty.

[5, 6]     Defendant contends that the instruction of the court relating to what is a "reasonable doubt" is insufficient. However, this contention is not presented on this record by proper exception and assignment of error. The appropriate time for taking an exception to the charge of the court is within the time allowed for the preparation of the case on appeal. No exception was taken in this case to the court's definition of the term "reasonable doubt." Only such exceptions to the charge as appear in the record on appeal can be made the basis for appellate relief. *Conrad v. Conrad,* 252 N.C. 412, 113 S.E. 2d 912 (1960); *State v. Gordon,* 241 N.C. 356, 85 S.E. 2d 322 (1955). However, we have examined the entire charge and do not find that it was unfair or prejudicial to the defendant.

[7]     Defendant contends that the court committed error by asking questions of the State's witnesses and the defendant's witnesses. The rule with respect to the judge asking questions is set out in 2 Strong, N.C. Index 2d, Criminal Law, § 99, p. 634, as follows:

"The court may ask a witness questions designed to obtain a proper understanding and clarification of the witness' testimony or to bring out some fact overlooked. But the court may not ask defendant or a witness questions tending to impeach him or to cast doubt on his credibility, or which intimate that a fact has been established."

Applying the foregoing rule to the questions asked by the judge in this case, we are of the opinion and so hold that they were clarifying questions and no prejudicial error is made to appear.

In the trial we find no prejudicial error.

No error.

MORRIS and VAUGHN, JJ., concur.