STATE OF NORTH CAROLINA v. DONALD RAY TERRY and SAMUEL LEE JACKSON

No. 53

(Filed 10 March 1971)

1. Robbery § 4— armed robbery — sufficiency of evidence

Evidence tending to show that the two defendants and a companion entered a store together, that one defendant "cased" the store and returned to their automobile, that the companion drew a pistol and by its threatened use forced the cashier to surrender the store's money, and that defendants and their companion fled the crime scene in the same automobile, *held* sufficient to be submitted to the jury on issues of defendants' guilt of armed robbery.

2. Criminal Law § 9— aider and abettor — guilt as principal

When two or more persons aid and abet each other in the commission of a crime, all are principals and equally guilty.

3. Robbery § 3— use of pistol by one robbery participant — imputation to other participants

When one party to a robbery points a pistol, the act is deemed to be the act of the other participants.

4. Robbery § 5— armed robbery prosecution — failure to submit common law robbery

In an armed robbery prosecution, the trial court did not err in failing to submit to the jury the issue of common law robbery where all the evidence disclosed that defendants' companion drew a pistol and by its threatened use forced the cashier of a store to surrender the store's money.

APPEAL by defendants from *Collier, J.,* June 1, 1970 Criminal Session, GUILFORD Superior Court. This case was docketed and argued as No. 86 at the Fall Term 1970.

The defendants, Donald Ray Terry and Samuel Lee Jackson, were indicted for forcibly taking from the Ma-jik Market, Inc. the sum of $51.81 by the threatened use of a pistol, whereby the life of Freida Burgin, manager, was endangered and threatened. The offense in violation of G.S. 14-87 occurred on March 18, 1970.

The court found both defendants were indigent and appointed R. D. Douglas III, attorney to represent them.

When arraigned, the defendants pleaded not guilty. The State's evidence in summary, except when quoted, disclosed the following: The Ma-jik Market is located on Phillips Avenue

State v. Terry

in Greensboro. On March 18, 1970, just before closing time, Freida Burgin, the manager, was at the check-out counter near the front door. "There were three of them that came in together. Yes sir, two of those three are these defendants. . . . Winchester and Terry went directly to the telephone, . . . Jackson walked around the store about a minute or so and then he left. . . . (H)e walked up the hill toward the apartments. . . . They (Winchester and Terry) walked up to me, and I was behind the register, and they leaned over and pulled out a gun. . . . Winchester and Terry look so much alike to me that I can't positively say who pulled the gun. I know it was a big automatic. When the weapon was pulled out, he said, 'this is a stick up, give me your money.' . . . When I opened the register I just stood back and the one with the gun leaned over and grabbed what little money there was in there. . . . Then he said, 'I know you have got a twenty dollar bill, where is it at?' . . . (H)e said, 'Lift the change tray up,' so I did, and . . . I handed him . . . . The twenty, a few ones and maybe a five or two. . . . I believe we came up $51.81 short."

The witness watched the two men leave, followed them, and saw them enter a two tone Javelin. "They took off in a great deal of a hurry." The witness alerted the police who spotted and chased the Javelin in and out of traffic, sometimes at a speed of more than one hundred miles per hour. Finally, the get-away car with the three men was stopped by a running road block. Jackson and Winchester "bailed out" of the front seat and ran. Terry, riding in the back seat of the two door vehicle, was arrested on the spot. Two officers chased Winchester and Jackson who separated in the woods. The officer who followed Winchester, came upon his dead body with a 45 automatic near his right shoulder. Substantially the same amount of money that the store had lost was in his pocket. The officer who chased, caught and searched Jackson, found he was unarmed. However, four rounds of 32 caliber pistol ammunition were in his pocket. On the floorboard of the Javelin were two pistols, one a 32 caliber revolver.

After the State's evidence was completed, the defendant, Donald Ray Terry, testified as a witness for the defense. He admitted that he, Winchester and Jackson went to the market together; that he and Winchester went to the telephone and while there Winchester suggested that they till the cashier.

" . . . Mr. Winchester turned to me and suggested that he and I try to till the operator of the Ma-jik Market. Tilling is a method of flimflam, where one person trys to distract the cashier and another person gets the money. No, I did not agree at that time to help Mr. Winchester do that. . . . I knew how to do it, but I didn't want to beat up the woman. . . . (H)e went to the counter first. Yes, I was a little behind him. . . . No, I did not know at that time that Mr. Winchester was going to pull a gun on Miss Burgin and rob her."

After the argument and court's charge, the jury rendered verdicts of guilty as to both Terry and Jackson. From the prison sentences imposed by the court, they appealed.

*Robert Morgan, Attorney General, Christine Y. Denson, Assistant Attorney General for the State.*

*R. D. Douglas III, Assistant Public Defender for defendant-appellants.*

HIGGINS, Justice

The appellants challenge the validity of their trial on these grounds: (1) The evidence was insufficient to make out a case of armed robbery, and their motion for a directed verdict of not guilty should have been allowed; and (2) if the court holds the evidence sufficient to make out a case of robbery, the trial judge should have charged the jury that the lesser included offense of common law robbery was a permissible verdict for the jury to render under the evidence in the case, and the failure of the court so to charge was error which entitles the defendants to a new trial.

[1] The evidence, including the testimony of the defendant Terry, disclosed that Winchester, Terry and Jackson were companions. They entered the Ma-jik Market together. Jackson "cased the joint" and went back to their automobile. Winchester and Terry approached the cashier. Winchester drew a large automatic pistol and announced, " ' . . . (T)his is a stick up, give me your money!' " Winchester took the contents of the cash register, which a check up showed to have been $51.81. He and Terry, who was with him at the cash register, then immediately fled and joined Jackson who was waiting in Winchester's automobile. The cashier saw Winchester and Terry go to the automobile. She immediately notified the police. By radio, patrolling

officers were alerted and a number of police vehicles joined in the chase. By means of a moving road block they pushed the get-away vehicle off the road. As it stopped, Winchester and Jackson "bailed out" and headed for the woods. One of the officers chased, caught and arrested Jackson. Another officer chased Winchester and caught up with his dead body in the woods. Winchester's 45 automatic pistol was lying near his right shoulder. A sum of money, in the denominations and amount closely approximating the market's loss, was recovered from his pocket. Other officers arrested Terry at the scene of the road block. Two revolvers, one a 32 caliber, were found on the rear floorboard of Winchester's vehicle. The only possible reference to gunfire came from Terry who testified that during the arresting process he "heard bullets."

[2, 3]  Clearly the evidence implicates Winchester, Jackson and Terry in planning and executing the hold up, and in attempting to escape together. When two or more persons aid and abet each other in the commission of a crime, all are principals and equally guilty. *State v. Sellers,* 266 N.C. 734, 147 S.E. 2d 225; *State v. Horner,* 248 N.C. 342, 103 S.E. 2d 694. When one party to a robbery points a pistol, the act is deemed to be the act of the other participants. *State v. Kelly,* 243 N.C. 177, 90 S.E. 2d 241.

[4]  The court did not commit error in failing to charge the jury that common law robbery was a permissible verdict in the case. All the evidence, including Terry's, disclosed that Winchester drew a large automatic pistol and by its threatened use forced the cashier to surrender the market's money. True, only Winchester brandished the pistol, but his partners in the crime each making his separate contribution, are equally guilty of armed robbery. *State v. Kelly, supra.* In *State v. Spencer,* 239 N.C. 604, 80 S.E. 2d 670, this Court said: "It is thoroughly established law in North Carolina . . . when two or more persons aid and abet each other in the commission of a crime, all being present, all are principals and equally guilty." (Citing many cases).

All the evidence disclosed a robbery by the threatened use of a large automatic pistol. Evidence of any lesser included offense is absent. The court followed the precedents in refusing to submit the issue of common law robbery.

No error.