STATE OF NORTH CAROLINA v. RALPH WAYNE RANKIN

No. 41

(Filed 14 November 1973)

1. Criminal Law § 9— aider and abettor — findings required for conviction

   The mere presence of defendant at the scene of a crime, even though he is in sympathy with the criminal act and does nothing to prevent its commission, does not make him guilty of the offense; rather, to sustain a conviction of the defendant as principal in the second degree, the State's evidence must be sufficient to support a finding that the defendant was present, actually or constructively, with the intent to aid the perpetrator in the commission of the offense should his assistance become necessary and that such intent was communicated to the actual perpetrator.

2. Larceny § 7— purse snatching — defendant as aider and abettor — sufficiency of evidence

   In a prosecution for larceny from the person where the evidence tended to show that the victim did not observe the purse snatcher and his companions in an alley prior to the time she was overtaken and her purse pulled from her grasp, but she then turned and observed the snatcher, defendant and a third person standing only a few feet apart, the snatcher emptied the purse of its contents, the three men then ran away together out of the alley, slowed down as they entered a street so as to make themselves less conspicuous and then proceeded together as if nothing had happened into a store where they made a

purchase, such evidence was sufficient to permit, though not to compel, the jury to find that defendant was present at the scene of the offense for the purpose of aiding the purse snatcher and that the snatcher was aware of such purpose.

**3. Criminal Law § 75— statement of codefendant — admissibility**

The trial court did not err in allowing testimony by an officer as to a statement made to him by one codefendant where the statement was voluntarily made and nothing in the statement related to defendant.

**4. Criminal Law §§ 118, 163— charge on State's contentions — failure of defendant to object — waiver of objection**

Where the evidence was sufficient to support a reasonable inference in accord with the State's contention as stated by the court, any error in the court's statement of the contentions of the State should have been brought by defendant to the attention of the court before the jury retired to consider its verdict and his failure to do so is a waiver of such error.

**5. Larceny § 8— larceny from the person — sufficiency of instructions**

In a prosecution for larceny from the person, the trial court's instructions to the jury concerning the elements of the offense with which defendants were charged and those things which the State was required to prove in order to convict were proper.

APPEAL by defendant from the decision of the Court of Appeals, reported in 18 N.C. App. 252, 196 S.E. 2d 621, finding no error in the judgment of *Crissman, J.*, sentencing the defendant to eight to ten years in the State prison upon his conviction of the offense of larceny from the person. The defendant's right to appeal arises from the dissenting opinion of Hedrick, J.

The indictment upon which the defendant was tried charges that on the date specified he "feloniously did steal, take and carry away from the person of Lucille Mitchell Langston" a purse containing approximately $15.00, the property of Lucille Mitchell Langston.

The appellant and two others, Crawford and Speed, were charged in separate indictments with this offense. The three cases were consolidated for trial. The evidence for the State is to the following effect:

At approximately 2:15 p.m. on 7 October 1972, Mrs. Langston, having had lunch at the S&W Cafeteria in Greensboro, was returning to her place of employment. She walked along South Elm Street to an alley running between Coe's Grocery Store and Southside Hardware to the parking lot in the rear of her place

of employment. She turned into the alley and had almost reached the parking area when a person, identified by her as Crawford, jerked at her pocketbook and said, "Give me your money." Turning, she observed Crawford, standing immediately behind her, and two others, whom she identified as Speed and Rankin, the three standing five or six feet apart. Crawford again jerked at her pocketbook and she released it. He then opened it, removed the billfold, opened it, took out the money which she had therein and threw the billfold and purse on the ground. Crawford then said to her, "You better not come this way." Then all three men started running and ran around the buildings. The two men with Crawford never spoke.

In response to Mrs. Langston's cries, Raymond McDonald, who had been sitting in a car parked nearby, came and ascertained what had happened. Before reaching Mrs. Langston he had observed the three defendants run down the alley to South Elm Street, turn onto it, stop and then go north along South Elm Street "like nothing had happened." Mr. McDonald first went into Coe's Grocery and asked that the police be called. Police officers arrived shortly and Mr. McDonald gave them a description of the clothing worn by the three men. He then went out to Elm Street, saw the men walking along it, walked after them and saw them go into Blumenthal's Store. He sought the assistance of two other police officers and, with them, walked into Blumenthal's Store and pointed the three defendants out to the officers, who took them outside the store. In the courtroom, he identified the three defendants as the three men he had seen run from the alley, walk along South Elm Street, enter Blumenthal's Store and leave the store with the two police officers.

After leaving Blumenthal's Store, the three defendants ran away from the officers but were pursued, captured and taken to jail. About 15 minutes elapsed from the time Mr. McDonald first saw Mrs. Langston to the time he pointed out the three men in Blumenthal's Store. At that time they were engaged in purchasing a pair of gloves. They denied their guilt and said they were waiting for a bus.

At the jail the three men were placed in separate cells. Approximately 20 minutes later one of the arresting officers went to Speed's cell to make "a clothing description" for the officer's report. Speed asked the officer what was the charge against him. The officer answered, "Taking a lady's purse." Upon objection by the defendants' counsel to Speed's response

to this statement, the trial court conducted a voir dire in the absence of the jury. On the voir dire the officer testified that he did not ask Speed any questions but simply responded to Speed's question concerning the charge against him. The court found as a fact that Speed was not being questioned and volunteered his statements to the officer. Upon this finding, the court overruled the objection and the officer proceeded to testify that Speed stated, in response to the officer's statement concerning the charge, that he did not take it, he just watched.

The defendants did not testify but called as witnesses in their behalf the proprietor of Coe's Grocery Store and one of the officers who came to interview Mrs. Langston immediately after the offense. Both of these witnesses testified that Mr. McDonald was much excited when talking to the officers in Coe's Grocery Store immediately after the offense occurred and before he proceeded to Blumenthal's Store. The officer testified that Mr. McDonald described the clothing worn by the three men who ran from the alley, his description being not entirely in accord with the clothing worn by the defendants when taken into custody.

Only the defendant Rankin appealed to the Court of Appeals.

*Attorney General Morgan by Associate Attorney Sloan for the State.*

*Dallas C. Clark, Jr., Assistant Public Defender, for defendant appellant.*

LAKE, Justice.

The serious question presented by this appeal is whether the evidence for the State is sufficient to withstand this appellant's motion for judgment of nonsuit (Assignment of Error No. 3). Like the Superior Court and the majority of the Court of Appeals, we hold that it is.

As Justice Parker, later Chief Justice, said in *State v. Taft,* 256 N.C. 441, 124 S.E. 2d 169, "It is thoroughly established law in this State that, without regard to any previous confederation or design, when two or more persons aid and abet each other in the commission of a crime, all being present, all are principals and equally guilty." *State v. Terry,* 278 N.C. 284, 179 S.E. 2d 368; *State v. Johnson,* 272 N.C. 239, 158 S.E. 2d 95; *State v. Craddock,* 272 N.C. 160, 158 S.E. 2d 25. To be sufficient to

sustain a conviction, it is not necessary that the evidence for the State show the defendant struck the blow, seized or carried away the property or spoke any word at the time and place of the offense. *State v. Terry, supra; State v. Johnson, supra; State v. Childress,* 267 N.C. 85, 147 S.E. 2d 595.

[1]    The mere presence of the defendant at the scene of a crime, even though he is in sympathy with the criminal act and does nothing to prevent its commission, does not make him guilty of the offense. *State v. Gaines,* 260 N.C. 228, 132 S.E. 2d 485; *State v. Hargett,* 255 N.C. 412, 121 S.E. 2d 589. To sustain a conviction of the defendant, as principal in the second degree, the State's evidence must be sufficient to support a finding that the defendant was present, actually or constructively, with the intent to aid the perpetrator in the commission of the offense should his assistance become necessary and that such intent was communicated to the actual perpetrator. Such communication of intent to aid, if needed, does not, however, have to be shown by express words of the defendant, but may be inferred from his actions and from his relation to the actual perpetrator. "When the bystander is a friend of the perpetrator and knows that his presence will be regarded by the perpetrator as an encouragement and protection, presence alone may be regarded as an encouragement." Wharton, Criminal Law, 12th Ed., § 246, quoted with approval in *State v. Hargett, supra; State v. Holland,* 234 N.C. 354, 67 S.E. 2d 272; *State v. Williams,* 225 N.C. 182, 33 S.E. 2d 880; and *State v. Jarrell,* 141 N.C. 722, 53 S.E. 127. *State v. Gaines, supra,* is distinguishable in that there the State offered exculpatory statements by the defendant and by the perpetrator of the offense, by which statements it was deemed bound.

It is elementary that, for the purpose of ruling upon a motion for judgment of nonsuit, evidence for the State is taken to be true, every reasonable inference favorable to the State is to be drawn therefrom and discrepancies therein are to be disregarded. *State v. Felton,* 283 N.C. 368, 196 S.E. 2d 239; *State v. Spencer,* 281 N.C. 121, 187 S.E. 2d 779; *State v. Goines,* 273 N.C. 509, 160 S.E. 2d 469. The immediate flight of the defendant from the scene of the crime is a circumstance to be considered by the jury, although not sufficient per se to withstand the motion for judgment of nonsuit. *State v. Gaines, supra.*

[2]    Here, the evidence for the State is that Mrs. Langston did not observe the purse snatcher and his companions in the nar-

row alley prior to the time she was overtaken and her purse pulled from her grasp. Turning immediately, she observed Crawford, the appellant and Speed standing only five or six feet apart. After her purse was snatched and emptied of its contents by Crawford, the three men ran away together out of the alley, slowed down upon turning the corner onto South Elm Street, which would make them less conspicuous, and then proceeded together "as if nothing had happened" into a store where they made a purchase. The evidence was sufficient to permit, though not to compel, the jury to find the appellant was present at the scene of the offense for the purpose of aiding Crawford and that Crawford was aware of such purpose. Thus, there was no error in the denial of the motion for judgment of nonsuit.

[3]  The appellant's Assignment of Error No. 2 is to the admission of the testimony of Officer Rooker as to the statement made to him by the defendant Speed. The record shows clearly that this was a voluntary statement by the defendant Speed, no question whatever having been directed to him by the officer. Furthermore, nothing in the statement relates to the appellant. There is no merit in this assignment of error.

[4]  Assignment of Error No. 4 relates to the court's statement of the contentions of the State in the charge to the jury. As above shown, the evidence is sufficient to support a reasonable inference in accord with the State's contention, as stated by the court, that "these three defendants were together on this occasion and that they planned to do just what was done here in the snatching of this woman's pocketbook." That being true, if there was any error in the court's statement of the contentions of the State, the defendant should have called such error to the attention of the court before the jury retired to consider its verdict and his failure to do so is a waiver of such error. *State v. Ford,* 266 N.C. 743, 147 S.E. 2d 198; *State v. Saunders,* 245 N.C. 338, 95 S.E. 2d 876; Strong, N. C. Index 2d, Criminal Law, §§ 118, 163. No error in this statement of the State's contention in this respect having been so called to the attention of the trial judge, this assignment of error is overruled.

[5]  We find no basis for granting a new trial in the appellant's Assignments of Error Numbers 5 and 8, relating to the court's instructions to the jury concerning the elements of the offense with which the defendants were charged and to those things which the State was required to prove in order to convict. The

court plainly instructed the jury that the fact that it might find one of the three defendants guilty, or that it might find two of them guilty, did not require it to find the third defendant guilty. The court clearly and correctly instructed the jury as to the elements of the offense charged and as to what it must find in order to convict a defendant by reason of his aiding and abetting the actual perpetrator in the commission of the offense. Considering the charge in its entirety, we find no basis for believing that the jury could have been misled thereby. These assignments of error are, therefore, overruled.

The remaining assignments of error set forth in the case on appeal are either formal or are waived by the failure to bring them forward in the brief and there support them by reason, argument or citation of authority. Rule 28, Rules of Practice in the Supreme Court; *State v. Anderson,* 281 N.C. 261, 188 S.E. 2d 336; Strong, N. C. Index 2d, Criminal Law, § 166.

No error.