State v. Canty

---

STATE OF NORTH CAROLINA v. MAURICE CANTY

No. 7413SC262

(Filed 5 June 1974)

Homicide § 28— instructions on self-defense, accident
> The trial court in a homicide case adequately instructed the jury on defendant's contention that he had drawn his pistol as a legitimate act of self-defense and that its accidental discharge did not constitute criminal negligence.

APPEAL by defendant from *Brewer, Judge,* 10 September 1973 Session of Superior Court held in BRUNSWICK County.

Defendant was indicted for the murder of one Ossie Hall Hayes on 16 March 1973 in Brunswick County. He was tried for second degree murder. It was stipulated at the trial that Ossie Hall Hayes died 16 March 1973 as a result of a gunshot wound in the neck.

The State's evidence tended to show in substance that defendant met Carl Jones and his girl friend, Ozzie Mae Hayes, about 10:00 or 11:00 at night on 16 March 1973 at Myers Piccolo Joint. An argument ensued between Jones and the defendant and defendant invited Jones to come outside. Jones accepted the

invitation and he and Ozzie Mae Hayes went outside with the defendant. Jones and defendant had a few words and Jones saw a gun in defendant's hands. He grabbed Ozzie Mae and was ducking behind her when the defendant shot her. After the gun fired, Jones ran and hid in the bushes. He heard defendant say he had shot the girl and was going to get him next. Later Jones returned, saw the body of Ozzie Mae lying on the ground, and called the rescue squad. Defendant had left the scene and did not return. When the rescue squad moved the body of Hayes, a steak knife was found near the body.

The defendant testified that there had been difficulty between him and Jones prior to their meeting at Myers place; that on this occasion Jones began cursing him and he left and went outside; that Jones followed him outside along with Ozzie Mae Hayes who was trying to stop Jones; that when Jones pulled a knife he drew his pistol; that Jones pushed Ozzie Mae Hayes into him and tried to stab him at which time his gun went off accidentally shooting Ozzie Mae Hayes.

The jury returned a verdict of guilty of involuntary manslaughter. From judgment imposing a sentence of 7 to 10 years imprisonment, defendant has appealed.

*Attorney General Morgan, by Assistant Attorney General Conrad O. Pearson, for the State.*

*Murchison, Fox & Newton, by Carter T. Lambeth, for defendant appellant.*

BALEY, Judge.

Defendant asserts as his sole assignment of error that the court in its charge did not adequately present his contention that he had drawn his pistol as a legitimate act of self-defense and that its accidental discharge did not constitute criminal negligence.

The record does not indicate any objection by defendant to the statement of his contentions nor was there any request to the court for correction. If there were any error, the defendant should have called such error to the attention of the court before the jury retired to consider its verdict. Failure to do so constitutes a waiver and is not reviewable on appeal. *State v. Rankin,* 284 N.C. 219, 200 S.E. 2d 182; *State v. Thomas,* 284 N.C. 212, 200 S.E. 2d 3.

We have, however, carefully examined the charge of the court. It was detailed and comprehensive upon the right of self-defense and the application of that right to the evidence in this case. The contention of the defendant that the death of Ossie Hall Hayes was the result of an accident was fully presented to the jury. The right of the defendant to use his pistol in self-defense was made equally clear.

Involuntary manslaughter was defined by the court as "the unintentional killing of a human being by an unlawful act not amounting to a felony or an act done in a criminally negligent manner." The conviction for involuntary manslaughter implies that the jury considered the killing to be unintentional and resulting from criminal negligence in the use of firearms. There could be no criminal negligence, as that term was defined by the court, had defendant been acting in self-defense.

We find no error in the instructions to the jury. Defendant has no just cause for complaint in the verdict.

No error.

Chief Judge BROCK and Judge PARKER concur.