STATE OF NORTH CAROLINA v. EASTER MAE LITTLE MOORE

No. 7418SC515

(Filed 7 August 1974)

Robbery § 4— guilt as aider and abettor
>The State's evidence was sufficient to support a jury finding that defendant aided and abetted in the commission of an armed robbery where it tended to show that defendant suggested that two acquaintances rob a service station attended by her friend, furnished the gun used in the robbery, pointed out the service station to the two robbers, was present in the service station during the robbery, refused to identify the robbers and tried to mislead officers by identifying another person.

APPEAL by defendant from *Lupton, Judge,* 26 November 1973 Session of Superior Court held in GUILFORD County.

Heard in Court of Appeals 20 June 1974.

Defendant was tried upon a bill of indictment, proper in form, which charged the robbery with a firearm of Mobil Center, Inc., a service station in Greensboro, North Carolina, on 14 August 1973, and the taking of $75.54 from Yvonne Franklin, an attendant at the station.

Defendant entered a plea of not guilty but was convicted by a jury and sentenced by the court to a term of ten years imprisonment.

From this judgment she has appealed.

*Attorney General Robert Morgan, by Associate Attorney Charles J. Murray, for the State.*

*Smith, Carrington, Patterson, Follin & Curtis, by Kenneth M. Carrington, for defendant appellant.*

BALEY, Judge.

The sole question presented by this appeal is whether the evidence of the State was sufficient to justify the submission of the case to the jury and to support the verdict reached. Defendant contends that, although she was present at the time of the robbery, there is no evidence that she participated actively or aided and abetted the other participants in the commission of the crime. She argues that there was no evidence that she gave any encouragement to the perpetrators of the crime or let it be known that she was standing by to render assistance.

The State's evidence included the testimony of Yvonne Franklin, the station attendant, William Henry Freeland, one of the perpetrators of the robbery, police officers who investigated the case, and the signed statement of the defendant herself. In defendant's statement she admitted the two persons who robbed the station, Earl Street, and Freeland, came to her home the afternoon of 13 August 1973 needing money, and she told them of the Mobile service station attended by her friend Yvonne Franklin. Street and Freeland returned about midnight and she provided them with a gun and went with them in their car to point out the service station. After they passed the station they let defendant out of the car and she walked to the station and was present when Street and Freeland entered the station, presented the gun, and took the money from the attendant Yvonne. She did not reveal to Yvonne that she knew Street and Freeland and refused to identify them after they were in custody. She pointed out some other person in a Cadillac as looking like one of the robbers. The witness Freeland testified to substantially the same information contained in defendant's statement and added that it was their intent to meet back at the defendant's home after the robbery.

It seems clear that the State's evidence was ample to establish that defendant picked the victim, furnished the weapon, was present during the robbery, refused to identify the robbers, and tried to mislead the officers by identifying another person. She was no innocent bystander, but a planted observer. Defend-

ant was a full participant in the planning of the crime and in its execution. She was present and assisted the other active perpetrators of the robbery.

When two or more persons aid and abet each other in the commission of a crime, all are principals and equally guilty. Strong, N. C. Index 2d, Criminal Law, § 9; *State v. Terry*, 278 N.C. 284, 179 S.E. 2d 368; *State v. McNair*, 272 N.C. 130, 157 S.E. 2d 660.

The motions of defendant for judgment of nonsuit and to set aside the verdict were properly denied.

In this trial, we find no error.

No error.

