State v. Smith

STATE OF NORTH CAROLINA v. DONALD SMITH

No. 7512SC252

(Filed 18 June 1975)

Robbery § 4— armed robbery — defendant as lookout — sufficiency of evidence

Evidence was sufficient to be submitted to the jury in a prosecution for armed robbery where it tended to show that two men robbed the employees of a convenience store, defendant was on the sidewalk in front of the store while the robbery was taking place looking up and down the street, defendant stared at one of the store employees whose hands were up in the air and turned his head when the employee looked at him, and defendant fled with the robbers.

APPEAL by defendant from *Smith, Judge*. Judgment entered 11 December 1974 in Superior Court, CUMBERLAND County. Argued in the Court of Appeals 10 June 1975.

Defendant was indicted for armed robbery and conspiracy to commit armed robbery. The conspiracy charge was dismissed at trial, and defendant was found guilty of armed robbery. A sentence of imprisonment for a term of not less than eight nor more than twenty years was imposed.

*Attorney General Edmisten, by Associate Attorney G. Jona Poe, Jr., for the State.*

*William J. Townsend, for the defendant-appellant.*

BROCK, Chief Judge.

Defendant's only assignment of error challenges the failure of the trial court to grant his motion for nonsuit. He argues that the evidence in this case shows only that he was present at the scene of the robbery. Defendant asserts that there is no evi-

dence that he communicated with the robbers in the store or that he had previously entered into any agreement to provide them either aid or encouragement. He argues that his conviction can only be based on conjecture; he may just have been an innocent passerby who noticed a robbery was taking place and foolishly decided to watch as it was being committed.

It is well known that on a motion for nonsuit, the evidence is to be considered in the light most favorable to the State. The State's evidence shows the following: On 22 September 1974 Robert Lee Hales and Robert Herring were employed as clerks at the Quik Stop, a convenience store in Fayetteville. At 10:30 p.m. two men came into the store. One was called McDonald, the other, Neal. McDonald asked for some cigarettes and held out a twenty dollar bill. Neal pulled out a gun and forced Hales and Herring to open the two cash registers. McDonald took $129.69 from one register, but the other was empty. During the robbery Hales looked out the window and saw defendant "looking up and down the street and then he turned and faced me." He looked at Hales for ten or fifteen seconds from a distance of ten feet, then turned away. The sidewalk in front of the Quik Stop was well-lighted. After McDonald and Neal got the money, they left the store and "took off running up West Russell Street, with the defendant Donald Smith running with them. They all took off in a bunch. . . ."

This evidence, in our opinion, is sufficient to withstand a motion for nonsuit. We agree that mere presence at the scene of the crime is not, by itself, proof of guilt. However, "a bystander does become a principal in the second degree by his presence at the time and place of a crime where he is present to the knowledge of the actual perpetrator for the purpose of assisting, if necessary, in the commission of the crime, and his presence and purpose do, in fact, encourage the actual perpetrator to commit the crime." *State v. Birchfield,* 235 N.C. 410, 414, 70 S.E. 2d 5 (1952). Furthermore, the fact that no words were spoken does not absolve the defendant of complicity in the robbery. "[C]ommunication of intent to aid . . . does not, however, have to be shown by express words of the defendant, but may be inferred from his actions and from his relation to the actual perpetrator." *State v. Rankin,* 284 N.C. 219, 223, 200 S.E. 2d 182 (1973).

The evidence shows defendant looked "up and down the street"; stared at Hales, whose hands were up in the air, and

turned his head when Hales looked at him; and fled with Mc-Donald and Neal. A reasonable inference from this evidence was that defendant was acting as a "lookout" for the other two.

No error.

Judges PARKER and ARNOLD concur.