STATE OF NORTH CAROLINA v. CALDWELL SPINKS AND ESTER WALTER CASSIDY

No. 7520SC474

(Filed 3 December 1975)

1. **Criminal Law § 66— identification of persons in courtroom — defendants not identified — absence of voir dire**

    In a common law robbery case, the two defendants were not prejudiced by the court's failure to conduct a *voir dire* hearing to determine the admissibility of testimony by the victim identifying some of the men in the courtroom as being present at the crime where the record fails to show that defendants were identified by the victim as participants in the crime.

2. **Robbery § 4— common law robbery — sufficiency of evidence**

    The State's evidence was sufficient for the jury in a prosecution of two defendants for common law robbery of a store proprietor where it tended to show that both defendants traveled to the store in the

same automobile with other participants in the crime, both defendants were present at the scene when the proprietor was struck over the head and robbed of $170 and fled the scene with the others in one defendant's car, and defendants shared equally with the others in the fruits of the crime.

**3. Criminal Law § 76— confessions — voir dire — sufficiency of findings**

Where only an officer testified at a *voir dire* hearing to determine the admissibility of defendants' in-custody statements and no contradictory evidence was presented, the trial court's findings that the facts were as the witness testified, that *Miranda* warnings were given to defendants and that they voluntarily waived their rights to counsel were sufficient to support admission of the statements in evidence.

APPEAL by defendants from *Winner, Judge*. Judgment entered 27 March 1975 in Superior Court, MOORE County. Heard in the Court of Appeals 23 September 1975.

This is a criminal prosecution wherein the defendants, Caldwell Spinks and Ester Walter Cassidy, were charged in a single bill of indictment, proper in form, with the common law robbery of Henry Brower of one hundred and seventy dollars ($170.00). The defendants pleaded not guilty and the cases were consolidated for trial.

The State offered evidence tending to show the following: On 19 October 1974, the defendant Cassidy was driving his car in which the defendant Spinks and three other persons, Paul Everett Chisholm, Sam Womble, and Junior Spinks, were riding. At approximately 7:00 p.m., they stopped to get cigarettes at a store owned and operated at that time by Henry Brower. It was dark and Brower was closing up, but the lights were still on inside the store. Defendant Spinks, Womble, and Junior Spinks entered the store followed soon after by Chisholm. One of the four asked for a pack of cigarettes; and as Brower bent down behind the counter to get it, one of them hit him over the head. He fell and hollered; and they took two billfolds from him containing $170.00. They ran out of the store, and Brower saw them leave in a hurry in Cassidy's car.

Chisholm, who testified for the State, said that Cassidy remained at the wheel and drove the car as it left. They rode to Pleasant Hill and divided the money equally, each getting $34.00. Chisholm did not know who had the billfolds.

Testimony by each of the defendants tended to show that they were riding around in Cassidy's car with the others on 19 October 1974. Cassidy testified that while he stayed in the car

the other four entered the store; but after about one minute, defendant Spinks came running out saying: "Let's go. All of them are in there trying to rob him." Cassidy tried to drive off, but the others came out and grabbed at the antenna and door handles. Cassidy then stopped, they all got into the car, and Cassidy drove off. Chisholm was counting the money as they drove off. Later, when they divided the money, Cassidy at first refused any money but finally took a share under pressure from the others. He later tried to give the money back to Brower, but Brower refused to take it.

Spinks' testimony was substantially the same as Cassidy's except that he testified Chisholm was the one who grabbed Brower. Spinks also took his share under protest and later tried to give it back to Brower. Both testified that there was never any plan to rob Brower and that it had not been discussed in the car at any time.

The jury returned a verdict of guilty as charged. From a judgment that defendants be imprisoned for not less than five (5) nor more than ten (10) years, they appealed.

*Attorney General Edmisten, by Assistant Attorney James E. Magner, Jr., for the State.*

*Smith & Thigpen, by Dock G. Smith, Jr., and J. Stephen Gaydica III, for defendant appellants.*

HEDRICK, Judge.

[1]   At trial, the prosecuting witness undertook to identify some of the men in the courtroom as being present at the crime. It is not clear from the record who was ever identified or whether either of the defendants was pointed to by the witness, but counsel for defendants objected to the identification, which objection was overruled. On appeal, they argue that the court should have conducted a voir dire inquiry as to the basis of the witness's identification. Since the record before us fails to disclose that the defendants were identified at trial by Brower as participants in the crime, we do not perceive how the defendants could have been prejudiced by the court's failure to conduct a voir dire hearing to determine the admissibility of such testimony. This assignment of error is overruled.

[2]   Both defendants assign as error the denial of their motions for judgment as of nonsuit. The evidence in the light most favor-

State v. Spinks

able to the State tends to show that both defendants came to the scene in the same automobile with the other participants in the crime; that both defendants were present when Brower was struck over the head and robbed of $170.00; that they fled the scene together with the others in Cassidy's automobile; and that they shared equally with the others in the fruits of the crime. In our opinion, this evidence is sufficient to require the submission of the case to the jury as to both defendants and to support the verdict. *State v. Rankin,* 284 N.C. 219, 200 S.E. 2d 182 (1973). These assignments of error are overruled.

[3]  At trial, before Deputy Sheriff Watkins was allowed to testify as to certain "out of court" statements allegedly made by the defendants, the court conducted a voir dire to determine the admissibility of such statements, when Officer Watkins testified as to advising the defendants of their constitutional rights and the defendants executing a written waiver of those rights. At the conclusion of the voir dire, the trial court made the following findings and conclusions:

> "The Court finds the facts to be what the witness has said that they are and concludes as a matter of law that the rights required by the case of Miranda against State of Arizona were read to the defendants; that they understood the rights and they voluntarily waived any right they had to counsel before they made any statement. Whatever statements they made afterwards are admissible in the trial of this cause."

Based on an exception to the findings and conclusions, the defendant contends: "The court erred by failing to make adequate findings of fact in ruling on admissions of in-custody statements as to waiver of the defendant's rights." While more detailed findings might have been preferable, since only Officer Watkins testified on voir dire and there was no contradictory evidence presented on voir dire as to the defendants having been advised of their constitutional rights, and their execution of a written waiver of those rights, the findings and conclusions made by the trial court are sufficient. *State v. Lynch,* 279 N.C. 1, 181 S.E. 2d 561 (1971). This assignment of error is not sustained.

The defendants have additional assignments of error which we have carefully considered and find them to be without merit. The defendants had a fair trial free from prejudicial error.

No error.

Judges MORRIS and ARNOLD concur.