IN THE MATTER OF DANIEL PAUL RICH, JUVENILE

No. 8029DC373

(Filed 7 October 1980)

Criminal Law § 9.2; Infants § 18– juvenile hearing – aiding and abetting in assault by car

The evidence in a juvenile hearing was sufficient to prove beyond a reasonable doubt that respondent committed the criminal offense of aiding and abetting an assault with a deadly weapon where it tended to show that respondent, age 14, took his father's car; the next day another boy was driving the car and respondent was sitting on the passenger side; a sheriff pursued the car and the driver caused the car to strike the sheriff's vehicle several times; and a loaded pistol was lying between respondent and the driver, since (1) the respondent was in constructive possession of the car used as the assault weapon, (2) respondent gave tacit approval to the assaults and ratified them for the purpose of effecting a joint escape for the boys' mutual benefit by failing to object or to attempt to leave the car, and (3) the pistol was easily accessible to either boy and respondent could not have been afraid that the other boy would use the pistol against him.

APPEAL by juvenile from *Guice, Judge.* Order entered 5 December 1979 in District Court, POLK County. Heard in the Court of Appeals at Waynesville on 28 August 1980.

This is a juvenile hearing held in accordance with G.S. 7A-285 initiated upon a petition alleging that Daniel Paul Rich is a delinquent child, and that on 4 December 1979 he aided and abetted Carroll Maynard Downs in an assault with a deadly weapon, to wit: an automobile, upon Boyce Carswell, Sheriff of Polk County. From an order adjudicating respondent Daniel Paul Rich a delinquent and imposing juvenile probation, the respondent appealed.

*Attorney General Edmisten, by Assistant Attorney General George W. Boylan, for the State.*

*Lee Atkins for respondent appellant.*

HILL, Judge.

The sole question presented is whether the evidence was sufficient to prove beyond a reasonable doubt that the respondent committed the criminal offense of aiding and abetting an assault with a deadly weapon.

The trial judge made findings of fact, conclusions of law and adjudicated the respondent a delinquent. Pertinent parts of the findings of fact show that Rich, age 14, took his father's car on 3 December 1979; that on 4 December 1979 Downs was driving the car and Rich was sitting on the passenger side of the car; that the sheriff of Polk County in response to a radio call on 4 December pursued the Rich car driven by Downs; and that Downs caused the Rich vehicle to strike the sheriff's vehicle several times. A loaded .22 caliber pistol was lying between Downs and Rich. The two boys stated they had plans to go out of the State.

Rich moved that the proceeding against him be dismissed for failure by the State to meet its burden of proof. Rich contends the only evidence against him is his presence at the scene of the crime. He argues that such evidence is not sufficient and that it shows only that he, as accused, was either only aware of the crime, or made no effort to prevent it, or silently acquiesced. Rich contends that in order for him to be characterized as an aider and abettor, the State must show that he gave active encouragement to the perpetrator or made known his intention to render aid.

The law with respect to aiding and abetting is well established in our State:

'An aider and abettor is one who advises, counsels, procures, or encourages another to commit a crime. [citations] To render one who does not actually participate in the commission of a crime guilty of the offense committed there must be some evidence tending to show that he, by word or deed, gave active encouragement to the perpetrator of the crime or by his conduct made it known to such perpetrator that he was standing by to lend assistance when and if it should become necessary. [citation]'

*State v. Dawson,* 281 N.C. 645, 655, 190 S.E. 2d 196 (1972).

"[T]he guilt of an accused as an aider and abettor may be established by circumstantial evidence." (Citations omitted.) *State v. Redfern,* 246 N.C. 293, 297, 98 S.E. 2d 322 (1957). Hence, communication of an intent to aid does not have to be shown by the express words of the defendant, but may be inferred from his actions and from his relation to the actual perpetrator. "'When the bystander is a friend of the perpetrator and knows that his presence will be regarded by the perpetrator as an encouragement and protection, presence alone may be regarded as an encouragement.'" *State v. Rankin,* 284 N.C. 219, 223, 200 S.E. 2d 182 (1973), *citing* Wharton, Criminal Law, 12th ed. § 246.

In a general fashion, the Supreme Court in *State v. Birchfield,* 235 N.C. 410, 414, 70 S.E. 2d 5 (1952), sets forth some of the facts and circumstances to be considered in determining whether individuals have aided or abetted a principal in the commission of a crime. "Their relationship to the actual perpetrator of the crime, the motives tempting them to assist in the crime, their presence at the time and place of the crime, and their conduct before and after the crime are circumstances to be considered. . . ." In *State v. Allison,* 200 N.C. 190, 195, 156 S.E. 547 (1931), the Court held that a person may aid and abet in the commission of an offense [homicide] "by concert of action."

Fair inferences from the record reflect that respondent Rich was more than a mere bystander and in fact "encouraged" Carroll Maynard Downs in the assault upon Sheriff Carswell.

First, the respondent was in constructive possession of the assault weapon. The car belonged to respondent's father, and thus Downs was operating it with the implied permission and subject to the dominion and control of the respondent. The respondent was sitting in the front seat of the vehicle without apparent restraint, and thus of his own volition.

Second, the sheriff had been alerted to be on the lookout for the vehicle, and when he turned on his blue light, the respondent's vehicle attempted to elude him. The chase resulted in a series of assaults upon Sheriff Carswell, each without apparent objection by the respondent. Thus, Rich can be said to have given tacit approval to the assaults, and ratified them, for the purpose of effecting a joint escape for the boys' mutual benefit.

The respondent never attempted to alight from the vehicle, although it backed up and reversed its direction a few times.

Third, the respondent could not have been afraid that Downs would use the pistol against him, for it was lying on the seat between the two boys, readily accessible to either.

For these reasons the action of the trial judge in entering the order of probation is

Affirmed.

Judges CLARK and MARTIN (Harry C.) concur.