STATE v. DONALD REEL, JR.

(Filed 24 May, 1961.)

**1. Criminal Law § 154—**

An assignment of error should disclose the question of law sought to be presented without the necessity of going beyond the assignment itself.

**2. Criminal Law § 121—**

Motion in arrest of judgment must be based on matters appearing on the face of the record proper and cannot present any question relative to the evidence.

**3. Indictment and Warrant § 6—**

The evidence in this case is held not to show that defendant was kept in custody for more than 12 hours before the issuance of a warrant. G.S. 15-47.

**4. Arrest and Bail § 7—**

While it is a better practice to call a physician when requested by a person in custody, the evidence in this case that defendant was highly intoxicated when arrested during the early evening and that he was released from custody the next day, *is held* not to show the deprivation of a substantial right in failing to accede to his request that a physician be called.

**5. Arrest and Bail § 8—**

Defendant was arrested in a highly intoxicated condition early in the evening and was released under bond the next day. *Held:* Defendant was not detained for an unreasonable period of time before being allowed to fix bail.

**6. Criminal Law § 160—**
      The burden is on defendant to show error.

APPEAL by defendant from *Cowper, J.,* January 1961 Criminal Term of CRAVEN.
      This is a criminal action.
Offense charged: Operating a motor vehicle on a public highway while under the influence of intoxicating liquors.
      Plea: Not guilty. Verdict: Guilty.
      Judgment: Fine and costs.
      Defendant appeals.

*Attorney General Bruton and Assistant Attorney General Rountree for the State.*
      *Charles L. Abernethy, Jr. for defendant, appellant.*

PER CURIAM. There are eight assignments of error. Several of these do not comply with the requirements of Rule 19(3), Rules of Practice in the Supreme Court, 221 N.C. 543. ". . . (T)he very error relied upon should be definitely and clearly presented, and the Court not compelled to go beyond the assignment itself to learn what the question is." *Steelman v. Benfield,* 228 N.C. 651, 653, 46 S.E. 2d 829.
      The question of nonsuit *is* properly presented. But the State's evidence is sufficient to make out a case for the jury.
      Defendant assigns as error the refusal of the court to arrest judgment. A motion in arrest of judgment can be based only on matters which appear on the face of the record. The evidence in a case is no part of the record proper. *State v. Williams,* 253 N.C. 337, 347, 117 S.E. 2d 444. "For the motion to be sustained it must appear that the Court is without jurisdiction, or that the record is in some respects fatally defective and insufficient to support a judgment." *State v. Doughtie,* 238 N.C. 228, 231, 77 S.E. 2d 642. The assignment of error is without merit.
      Defendant contends that his constitutional rights were violated in that he was arrested and placed in jail without bail having been fixed, without being permitted to make bail bond, and without an examination by a physician after request therefor. G.S. 15-47. He insists that he was thereby deprived of the opportunity to secure evidence necessary to his defense.
      The arresting officer testified that defendant "was very much under the influence of whiskey, staggering around in the street and very thick-tongued," that he said "he wanted to be taken to a doctor." The defendant testified that he had drunk "a beer" and "got sick five

minutes after (he) drank the beer." He stated he was not permitted to use the telephone in the jail.

Defendant was arrested about 7:00 P.M. A warrant was issued on the night of his arrest. He was released under bond the next day. The hour of release does not appear. G.S. 15-47 provides "that in no event shall the prisoner be kept in custody for a longer period than twelve hours without a warrant." There is no showing that this provision was violated. No physician testified for defendant at the trial. It is a reasonable inference that he was not examined by a doctor upon his release from custody. If he was ill, he apparently recovered during the night. It is a reasonable assumption that his nausea was caused by the beer. It is better practice to call a doctor when requested by a person in custody, but the failure to do so under the circumstances here presented does not amount to a substantial denial of a constitutional right.

We do not hold that the failure to fix bail and release one who appears to be in a drunken condition, under the factual situation in this case, constitutes a violation of the Constitution, State or Federal, when he is not detained for an unreasonable period. Defendant's detention seems to have been the best course for his security and that of the public.

The burden is on defendant to show error. This he has failed to do. No error.