STATE v. OSBIE NORWOOD DIXON.

· (Filed 11 April, 1962.)

**1. Criminal Law § 55—**

Testimony by a witness, qualified as an expert, that from an analysis of the alcohol content of a sample of blood which the witness took from defendant shortly after the time in question, defendant was under the influence of some intoxicating beverage, *held* without error, the witness having theretofore testified to the same effect without objection.

**2. Criminal Law § 156—**

An assignment of error to the charge should set forth the part of the charge challenged.

APPEAL by defendant from *Parker, J.,* 30 October 1961 Term of LENOIR.

Criminal prosecution upon an indictment charging defendant on 26 May 1961 with operating a motor vehicle upon the public highways of Lenoir County while under the influence of intoxicating liquor.

Plea: Not Guilty. Verdict: Guilty.

From the judgment imposed, defendant appeals.

STATE *v.* DIXON.

*Attorney General T. W. Bruton and Assistant Attorney General G. A. Jones, Jr., for the State.*
*Charles L. Abernethy, Jr., for defendant appellant.*

PER CURIAM. The State's evidence shows these facts: About 9:30 o'clock p.m. on 26 May 1961 Sergeant T. M. Martin of the State Highway Patrol drove up behind defendant, who was driving an automobile on West Vernon Avenue toward the city of Kinston. Defendant ran off the shoulder of the street, and pulled back on the street, and ran off the shoulder of the street and back on the street three times. Martin stopped him. Defendant got out of his automobile. He staggered, and said he had been drinking all day. In Martin's opinion, defendant was under the influence of some intoxicating liquor. Martin called Patrolman W. D. Parrish to come, and get defendant.

Defendant said in Parrish's presence: "He knew he probably had too much to be driving, but didn't think he was drunk." Parrish found a full pint of whiskey in defendant's automobile. In Parrish's opinion, defendant was under the influence of some intoxicating liquor. Defendant said he wanted a blood test, and signed a written application to that effect. Parrish carried defendant to a local hospital that night to have a blood test made.

About ten o'clock p. m. that night David P. Lutz in Lenoir Memorial Hospital took a sample of blood from defendant's body. Lutz testified in respect to his qualifications and training, but not in as full a manner as he did in *S. v. Hart, ante* 645, but in the present case he stated this which does not appear in the *Hart* case: "I am a member of the American Medical Technology, also Associated American College of Technologists. I do not have a certificate to operate in North Carolina, but it is not required in North Carolina. In my training I did take a course in chemistry. As to graduating in the field of chemistry — that is chemistry M., but from high school, and that particular chemistry course is the basis in all technical schools. I do not have a certificate from college, but I have a certificate from the hospital where I have completed two years satisfactory training in chemistry and medical technology, clinical laboratory procedures. That's a school within a hospital, Gordon Crowell, Lincolnton, North Carolina, under Lester A. Crowell. He was pathologist and radiologist on the State Board of Examiners." The Court, without objection, held Lutz "is a medical expert technologist, particularly in regard to body fluids, including blood."

Lutz then testified, without objection:

"I do recall seeing Mr. Dixon on or about the 26th of May

1961 at the hospital and I took a blood sample from his body. I made an analysis of the blood with respect to alcoholic content. The result was POINT ONE NINE PER CENT. That is blood content .19%. It means that he is under the influence of alcoholic beverage. A person becomes under the influence of alcoholic beverage as to percentage at POINT ONE FIVE PER CENT. Some persons are under the influence at a lesser percentage point. It would begin at varying degrees, starting at POINT ZERO FIVE PER CENT."

Defendant assigns as error the Court overruling his objection to this question asked by the solicitor:

"Mr. Lutz, based upon your education, training and experience, do you have an opinion satisfactory to yourself as to whether or not the defendant in this case was under the influence of some intoxicating beverage when you took a blood sample from him on May 27th of this year at Lenoir Memorial Hospital?"

Lutz replied: "My opinion is that he was under the influence." This is the sole exception defendant has to the evidence. Lutz had formerly testified, without objection, practically to the same effect. This assignment of error is overruled.

The assignments of error to the charge do not set forth the part of the charge challenged, and do not comply with our rules of practice in the Supreme Court. *S. v. Reel*, 254 N.C. 778, 119 S.E. 2d 876. Further, defendant in his brief does not contend there was error in the charge. Nevertheless, we have read the charge, and find therein no error that would warrant disturbing the trial and judgment below.

No error.