## STATE v. JODIE WILLIS WEBB.

(Filed 3 November, 1965.)

**1. Criminal Law § 55—**

It is competent for a witness stipulated by the parties to be an expert to testify as to the effect of stated percentages of alcohol in the bloodstream, and that the percentage found by his test of the blood of defendant exceeded the amount at which all persons were under the influence of alcohol, it being shown that the sample analyzed was timely taken, properly traced and properly identified.

**2. Criminal Law § 120—**

A jury has full control of its verdict up to the time it is delivered to the court and ordered recorded by the judge, and when the foreman makes a slip of the tongue which he corrects before the clerk can finish his inquiry as to whether all the jurors so say, and when the corrected verdict of guilty is confirmed by a poll of the jury, the acceptance of the verdict is without error.

APPEAL by defendant from *Mintz, J.,* March 15, 1965 Session of LENOIR.

Defendant was convicted in the LaGrange Recorder's Court of

operating an automobile upon the public highway while under the influence of intoxicating liquor, G.S. 20-138. He appealed to the Superior Court where the State's evidence tended to show the following:

Highway Patrolman B. A. Baker, traveling west on U. S. Highway No. 70 on November 21, 1964, about 6:00 p.m., met defendant who was driving east "almost astride the center line." The officer avoided a collision by swerving to the right and, almost immediately, arrested defendant, who had a very strong odor of alcohol about him. In the opinion of Patrolman Baker, defendant "was appreciably under the influence of some intoxicating beverage." The officer asked him if he wanted a blood test. His wife, who was with him, advised defendant not to take a blood test but he decided to have one. The test was made by David P. Lutz, who it was stipulated, is "a medical expert technologist qualified in the field of body fluid analysis." Mr. Lutz's analysis showed defendant's blood to have an alcoholic content of 0.18%. According to Mr. Lutz, "Some persons are under the influence of intoxicating liquor at 0.10% and some at 0.12%. But everyone is under the influence at 0.15%."

Defendant's evidence tended to show that he was cold sober when Mr. Baker arrested him and that, if the officer detected the odor of alcohol upon him, it was left over from a party which had ended at 3:00 a.m. the preceding night.

When the jury returned into court to announce its verdict the following proceedings were had:

CLERK OF THE COURT: "Gentlemen, have you arrived at a verdict?"

ANSWER BY SPOKESMAN FOR THE JURY: "Yes, we have."

CLERK OF THE COURT: "What is your verdict?"

ANSWER BY SPOKESMAN FOR THE JURY: "Not guilty."

CLERK OF THE COURT: "Not guilty, so say —?"

SPOKESMAN FOR THE JURY: "Er, I mean, guilty."

CLERK OF THE COURT: "Guilty, so say you all?"

At defendant's request, the jury was polled and each juror said that his verdict was guilty. The Clerk recorded a verdict of guilty. The Court imposed its judgment and defendant appealed.

*Attorney General T. W. Bruton; Charles D. Barham, Jr., Assistant Attorney General; and Wilson B. Partin, Jr., Staff Attorney for the State.*

*Turner and Harrison for defendant appellant.*

PER CURIAM. A qualified expert may testify as to the effect of

certain percentages of alcohol in the blood stream of human beings provided the blood sample analyzed was timely taken, properly traced, and identified. *State v. Willard,* 241 N.C. 259, 84 S.E. 2d 899. Mr. Lutz's qualifications were stipulated. His testimony, quoted in the statement of facts, went to the jury on redirect examination without objection. Substantially identical testimony was held to have been properly admitted in *State v. Dixon,* 256 N.C. 698, 124 S.E. 2d 821; *State v. Hart,* 256 N.C. 645, 124 S.E. 2d 816; *State v. Moore,* 245 N.C. 158, 95 S.E. 2d 548; *State v. Willard, supra.* The *Dixon* and *Hart* cases, *supra,* also involved testimony by Mr. Lutz. Appellant's assignment of error based on the exception to the admission of Mr. Lutz's testimony is not sustained.

The exception to the entry of judgment is also overruled. A jury has full control of its verdict up until the time it is finally delivered to the court and ordered recorded by the judge. Accordingly, if the foreman makes a mistake in announcing it, he may correct himself or any one of the jurors may correct him. To preclude mistake, the Clerk's inquiry "So say you all?" is directed to the panel immediately after their spokesman has declared the verdict. *State v. Young,* 77 N.C. 498. Even if all 12 jurors nod their assent, either the solicitor or counsel for defendant may then and there require that the jury be polled. The dissent of any juror at that time would be effectual. *State v. Dow,* 246 N.C. 644, 99 S.E. 2d 860; *State v. Cephus,* 241 N.C. 562, 86 S.E. 2d 70.

In this case, the foreman suffered a slip of the tongue which he recognized immediately and corrected before the Clerk could finish his inquiry to the others. The polling of the jury confirmed the true verdict.

In the trial below we find

No error.