STATE v. MONTA OLIVER, JR., JAMES HAMBRIGHT, ROBERT
STEWART, JR.

(Filed 12 October, 1966.)

**1. Criminal Law § 154—**

An assignment of error should show within itself the error relied upon. Rule of Practice in the Supreme Court No. 19(3).

**2. Conspiracy § 6; Robbery § 4—**

The direct and circumstantial evidence in this case *held* sufficient to sustain an inference that defendant shared in the common purpose or design to rob a filling station with his confederates, and assisted, encouraged, and rendered aid to them in the armed robbery, and therefore is sufficient to sustain conviction of defendant of criminal conspiracy and armed robbery.

APPEAL by defendant Monta Oliver from *McLean, J.,* 14 February 1966 Criminal Session of MECKLENBURG.

Criminal actions upon indictments charging defendant with conspiracy to commit armed robbery and armed robbery. The cases were consolidated for trial.

The State offered evidence which tended to show: On 30 January 1966 James Hambright, Robert Stewart, Jr., and Dwight Jordan were with defendant Monta Oliver in his home. Jordan and Oliver were talking about robbing a service station on Monroe Road. Later Oliver drove the four of them to a place near the Coliseum where Jordan and Hambright left Oliver and Stewart and went to a service station on Monroe Road. Because there were people in the station, they returned to Oliver's home. About an hour and a half thereafter Oliver again drove them near the service station, and they again returned to Oliver's home as people were still in the service station. Later, Oliver drove the same four near the service station, and Jordan told Oliver to wait. Jordan and Hambright went to the service station. There Jordan held a pistol on the attendant and took money from the cash drawer and the person of the attendant. Jordan and Hambright returned to Oliver's automobile and Oliver drove to his home, where Oliver and Jordan counted the money. The defendant Oliver received "some bills and change." There was also evidence that police officers followed footprints and tire tracks in the snow which led them to Oliver's automobile and apartment. In the apartment they found Oliver, Hambright, Stewart and Jordan.

There was a verdict of guilty in both cases. From judgment imposing prison sentence defendant Oliver appealed.

*Attorney General Bruton and Deputy Attorney General McGalliard for the State.*
*Joel L. Kirkley, Jr., for defendant appellant.*

PER CURIAM. There are nineteen assignments of error, most of which do not comply with the requirements of Rule 19(3), Rules of Practice in the Supreme Court. 221 N.C. 543. " '. . . (T)he very error relied upon should be definitely and clearly presented and the Court not compelled to go beyond the assignment itself to learn what the question is.' *Steelman v. Benfield,* 228 N.C. 651, 46 S.E. 2d 849." *State v. Reel,* 254 N.C. 778, 119 S.E. 2d 876. We have, however, examined the record carefully and find no prejudicial error in those assignments.

The question of nonsuit *is* properly presented. "In passing upon a motion for judgment of nonsuit in a criminal prosecution, the evidence must be considered in the light most favorable to the State, and the State is entitled to the benefit of every reasonable inference which may fairly be drawn from the evidence. . . . If there is more than a scintilla of competent evidence to support the allegations in the warrant or bill of indictment, it is the court's duty to submit the case to the jury." *State v. Kelly,* 243 N.C. 177, 90 S.E. 2d 241.

" 'A conspiracy is the unlawful concurrence of two or more persons in a wicked scheme — the combination or agreement to do an unlawful thing or to do a lawful thing in an unlawful way by unlawful means.' . . . Direct proof of the charge of conspiracy is rarely obtainable. But to establish such charge, the evidence or acts relied upon, when taken together, must point unerringly to the existence of a conspiracy." *State v. McCullough,* 244 N.C. 11, 92 S.E. 2d 389.

In the instant case there was not only circumstantial evidence of a conspiracy to commit armed robbery, but there was also direct proof of the existence of the conspiracy by an accomplice.

" 'Everyone who does enter into a common purpose or design is equally deemed in law a party to every act which had before been done by the others, and a party to every act which may afterwards be done by any of the others, in furtherance of such common design.' *S. v. Jackson,* 82 N.C. 565." *State v. Kelly, supra.*

". . . (I)n order to render one who does not actually participate in the commission of the crime guilty of the offense committed, there must be some evidence tending to show that he, by word or deed, gave active encouragement to the perpetrators of the crime, or by his conduct made it known to such perpetrators that he was standing by to render assistance when and if it should become necessary." *State v. Burgess,* 245 N.C. 304, 96 S.E. 2d 54.

The series of events disclosed by the evidence was sufficient to sustain the inference that defendant shared in the common purpose or design with the actual perpetrators, assisted, encouraged and rendered aid to them in the armed robbery.

The motions for nonsuit were properly overruled in both cases. No error.