STATE v. ROBERT M. GREER.

(Filed 19 April, 1967.)

1. Criminal Law § 139—

Defendant's appeal from sentences imposed upon his pleas of guilty, entered by the court after interrogation disclosed that such pleas were intelligently, understandingly and intentionally entered, presents for review the one question whether error of law appears on the face of the record proper.

2. Constitutional Law § 36;   Criminal Law § 131—

Sentences which do not exceed the limits fixed by the applicable statutes cannot be considered cruel or unusual in the constitutional sense.

APPEAL by defendant from *McLaughlin, J.,* 28 November 1966 Session of STANLY.

Criminal prosecution on four indictments. The first indictment,

case No. 1715, charges defendant in the first count on 19 July 1966 with feloniously breaking and entering a building occupied by Stop & Shop Grocery, Inc., with intent to commit larceny of the merchandise and goods therein, a violation of G.S. 14-54; the second count charges defendant on the same date and place with the larceny of goods and merchandise of Stop & Shop Grocery, Inc., of the value of more than $200, by feloniously breaking and entering the building aforesaid, a violation of G.S. 14-72; and the third count charges defendant on the same date and place with receiving the said goods and merchandise well knowing that they had been theretofore feloniously stolen, taken, and carried away. The second indictment, case No. 1716, charges defendant in the first count on 4 August 1966 with feloniously breaking and entering a building occupied by Vincent Cascio, d/b/a Cascio's Restaurant, with intent to commit larceny of the merchandise and goods therein, a violation of G.S. 14-54; the second count charges defendant on the same date and place with the larceny of goods and merchandise of Vincent Cascio, d/b/a Cascio's Restaurant, of the value of less than $200, by feloniously breaking and entering the building aforesaid, a violation of G.S. 14-72; and the third count charges defendant on the same date and place with receiving the goods and merchandise well knowing that they had been theretofore feloniously stolen, taken, and carried away. The third indictment, case No. 1718, charges defendant in the first count on 12 August 1966 with feloniously breaking and entering a building occupied by George Miller, d/b/a W. & T. Gulf, with intent to commit larceny of the goods and merchandise therein, a violation of G.S. 14-54; the second count charges defendant on the same date and place with the larceny of goods and merchandise of George Miller, d/b/a W. & T. Gulf, of the value of less than $200, by feloniously breaking and entering the building aforesaid, a violation of G.S. 14-72; and the third count charges defendant on the same date and place with receiving the goods and merchandise well knowing that they had been theretofore feloniously stolen, taken, and carried away. The fourth indictment, case No. 1719, charges defendant and two other persons in the first count on 18 August 1966 with feloniously breaking and entering a building occupied by John Cranford, d/b/a Richfield Farm Supply, with intent to commit larceny of the merchandise and goods therein, a violation of G.S. 14-54; the second count charges defendant and two other persons on the same date and place with the larceny of goods and merchandise of John Cranford, d/b/a Richfield Farm Supply, of the value of more than $200, by feloniously breaking and entering the building aforesaid, a violation of G.S. 14-72; and the

third count charges defendant and two other persons on the same date and place with receiving the goods and merchandise well knowing that they had been theretofore feloniously stolen, taken, and carried away.

Defendant, who was an indigent, was represented by court-appointed counsel, Edward E. Crutchfield. Defendant entered pleas of guilty to all four indictments. When he entered the pleas of guilty, the court asked him if he authorized his counsel to enter pleas of guilty in all four cases, and the defendant replied, "Yes sir." The court then asked defendant if he entered the pleas of guilty in all four cases without any promise of reward or hope of reward, and defendant answered, "Yes sir." Defendant stated to the court that he was ready for trial and that he was satisfied with his counsel. The court asked defendant as to whether he realized that the court could, if it saw fit in its discretion, sentence him to as much as 80 years in prison under his pleas of guilty in all four cases, and defendant replied, "Yes sir." The court then asked defendant as to whether he still wanted to enter these pleas of guilty freely and voluntarily, and defendant replied, "Yes sir."

The court heard evidence in respect to the charges in all four indictments.

The judgments of the court were as follows: In indictment No. 1715, 10 years in prison on the first count charging a felonious breaking and entry, a violation of G.S. 14-54, and on the second count in this indictment charging larceny, a sentence of 10 years, which sentence was to run consecutively and not concurrently with the sentence pronounced in the first count charging breaking and entry. In indictment No. 1716, a sentence of 5 years on the first count charging breaking and entry, this sentence to run consecutively and not concurrently with the judgment pronounced in the second count charging larceny in indictment No. 1715. In the second count in indictment No. 1716 charging larceny, judgment was continued for 5 years. In indictment No. 1718, the judgment was prayer for judgment continued for 5 years. In indictment No. 1719, the judgment was prayer for judgment continued for 5 years.

From these judgments, defendant appealed to the Supreme Court.

*Attorney General T. W. Bruton and Assistant Attorney General Millard R. Rich, Jr., for the State.*
*Edward E. Crutchfield for defendant appellant.*

PER CURIAM. Defendant was allowed by order of court to appeal to the Supreme Court *in forma pauperis*. Edward E. Crutch-

field was ordered by the court to continue as counsel for defendant and to file a brief for him and appear for him in the Supreme Court. By order of court the case on appeal and the brief of defendant's counsel were mimeographed and paid for by the county.

Defendant, who was represented by court-appointed counsel, having intelligently, understandingly, and intentionally pleaded guilty as charged in all four indictments, his appeal presents for review the one question as to whether error of law appears on the face of the record proper. *S. v. Newell*, 268 N.C. 300, 150 S.E. 2d 405; *S. v. Darnell*, 266 N.C. 640, 146 S.E. 2d 800.

The questions presented and argued in defendant's brief are that the total sentences imposed by the trial court of 25 years imprisonment were cruel and unusual punishment within the meaning of Article I, section 14 of the Constitution of North Carolina and the Eighth Amendment to the United States Constitution, and that the court abused its discretion in imposing sentences of 25 years.

The prison sentences imposed by the trial court did not exceed the statutory maximum provided in G.S. 14-54 and G.S. 14-72. *S. v. Cooper*, 256 N.C. 372, 124 S.E. 2d 91; *S. v. Wilson*, 264 N.C. 595, 142 S.E. 2d 180. We have held in case after case that when the punishment does not exceed the limits fixed by statute, it cannot be considered cruel and unusual punishment in a constitutional sense. *S. v. Bruce*, 268 N.C. 174, 150 S.E. 2d 216, and five cases of ours to the same effect there cited. No abuse of discretion on the part of the judge is shown.

A careful examination shows no error of law on the face of the record proper, and the judgments of the court below are

Affirmed.