STATE OF NORTH CAROLINA v. MELVIN HARRISON

No. 7413SC77

(Filed 20 February 1974)

**Criminal Law § 124; Homicide § 31— verdict—correction of mistake by foreman — acceptance**

Where the jury foreman stated that the verdict was "Guilty of voluntary—of murder in the second degree" and, upon inquiry by the clerk, the jurors all indicated that they assented to a verdict of guilty of murder in the second degree, the trial court properly accepted the verdict as a verdict of murder in the second degree, since a mistake in announcing the verdict may be corrected by the foreman or any other juror up until the time it is ordered recorded by the judge.

APPEAL by defendant from *Brewer, Judge,* 13 August 1973 Session of Superior Court held in BLADEN County.

Defendant was indicted for first-degree murder. On arraignment, the solicitor announced that the State would not proceed on the charge of first-degree murder but would place defendant on trial on charges of murder in the second degree or manslaughter as the evidence might warrant. Defendant pled not guilty. At the conclusion of the evidence the court submitted the case to the jury on instructions that they might return one of four possible verdicts, to-wit: guilty of murder in the second degree, guilty of voluntary manslaughter, guilty of involuntary manslaughter, or not guilty. When the jury returned into court to announce its verdict, the record shows that the following occurred:

"THE COURT: Has the jury reached a verdict in this case?

"FOREMAN: Yes, sir, we have.

"THE COURT: Listen to what the Clerk has to say; do not answer until she has finished stating the verdicts.

"CLERK: Ladies and gentlemen of the jury, do you find the defendant, Melvin Harrison, guilty of murder in the second degree; or, voluntary manslaughter; or, involuntary manslaughter or, not guilty?

"FOREMAN: Guilty of voluntary—of murder in the second degree.

"CLERK: Guilty of murder in the second degree . . . . .

"FOREMAN: As it was stated by the Court.

"CLERK: So say you all, guilty of murder in the second degree?

"JURORS: (ALL AGREE.)

"(THE COURT INSTRUCTS THE JURORS TO HAVE A SEAT IN THE COURTROOM.)

"THE COURT: Does the Solicitor pray judgment?

"MR. GREER: Yes, sir.

"(THE COURT HEARS MR. HESTER IN MITIGATION OF PUNISHMENT.)

"THE COURT: All right. You may stand. (THE DEFENDANT STANDS.) In Case 73CR2162, entitled State of North Carolina versus Melvin Harrison, let the record show that the jury returned a verdict of guilty of murder in the second degree. The judgment of the Court is the defendant be imprisoned for a term of not less than twenty-five nor more than thirty years in the State Prison. The defendant is to be given credit for the time spent in jail."

Defendant appealed.

*Attorney General Robert Morgan by Deputy Attorney General R. Bruce White, Jr. and Assistant Attorney General Alfred N. Salley for the State.*

*Worth H. Hester for defendant appellant.*

PARKER, Judge.

The sole assignment of error brought forward on this appeal is directed to the court's acceptance of the verdict as a verdict of guilty of second-degree murder. Appellant contends that the verdict as originally announced by the jury foreman found him guilty of voluntary manslaughter and that the court erred in accepting the verdict of guilty of second-degree murder. There is no merit in this contention.

Dealing with a similar contention in *State v. Webb,* 265 N.C. 546, 144 S.E. 2d 619, our Supreme Court said:

"A jury has full control of its verdict up until the time it is finally delivered to the court and ordered recorded by

the judge. Accordingly, if the foreman makes a mistake in announcing it, he may correct himself or any one of the jurors may correct him. To preclude mistake, the Clerk's inquiry 'So say you all?' is directed to the panel immediately after their spokesman has declared the verdict. *State v. Young,* 77 N.C. 498. Even if all 12 jurors nod their assent, either the solicitor or counsel for defendant may then and there require that the jury be polled. The dissent of any juror at that time would be effectual. *State v. Dow,* 246 N.C. 644, 99 S.E. 2d 860; *State v. Cephus,* 241 N.C. 562, 86 S.E. 2d 70."

In the present case, as in *State v. Webb, supra,* the foreman suffered a slip of the tongue which she recognized and immediately corrected. To remove all doubt, the clerk, addressing all of the jurors, then inquired: "So say you all, guilty of murder in the second degree?" The record shows that all jurors then agreed. There was simply no possibility that there was any mistake in this verdict. Had there been any doubt, the defendant had the right to have the jury polled. *State v. Best,* 280 N.C. 413, 186 S.E. 2d 1.

In the trial and judgment appealed from we find

No error.

Judges BRITT and VAUGHN concur.