STATE OF NORTH CAROLINA v. JOYCE WILLIS BARROW

No. 76

(Filed 7 March 1977)

1. Kidnapping § 1; Robbery § 4— defendant as participant in crime — sufficiency of evidence

In a prosecution for kidnapping and armed robbery, evidence was sufficient to be submitted to the jury where it tended to show that defendant was a willing participant in planning the crime in question; she distracted the victim while her companions in crime positioned themselves to accost him; the victim was robbed at gunpoint and taken away in his own car; after the victim was forced into the car, defendant went along of her own accord and without coercion from the others; the victim was shot, beaten and left for dead; defendant voluntarily fled to N. J. with her companions in crime; and a search of

defendant after she was apprehended by a N. J. State Trooper re-
vealed a cartridge holder with 24 empty and 6 live rounds for a .38
caliber pistol and many articles belonging to the victim.

**2. Criminal Law § 115— armed robbery and kidnapping — no evidence of lesser offenses**

There was no evidence in a kidnapping and armed robbery case
from which the jury could find that a crime of lesser degree had been
committed where the State's evidence tended to show that defendant
was a willing participant in the crimes, but defendant's evidence
tended to show that she did not know that a robbery was being
planned, that she was forced to accompany her companions, that she
tried to get away, and that she refused to bring bullets for the gun
used in perpetration of the crimes.

**3. Criminal Law § 138— defendant given maximum prison term — co-conspirators given lighter sentences — no error**

There is no rule of law that sentences imposed upon defendants
for a crime jointly committed by them must be equal; therefore, de-
fendant who was sentenced to two terms of life imprisonment upon
conviction of aggravated kidnapping and armed robbery was not en-
titled to have her sentences modified on the ground that all other
participants in the crime received lighter sentences.

DEFENDANT appeals from judgments of *Bailey, J.*, 15 March
1976 Criminal Session, CUMBERLAND Superior Court. This case
was docketed and argued as No. 76 at the Fall Term 1976.

Defendant was tried upon bills of indictment, proper in form,
charging her with the (1) kidnapping and (2) armed robbery
of Milton L. Royal on 19 November 1975 in Cumberland County.

The State's evidence tends to show that on 19 November
1975 Raymond Carmichael, John Polson and defendant Joyce
Barrow were together in Fayetteville. Carmichael testified that
John Polson asked "how we would like to rob somebody, take
the money and the car, . . . and Joyce said it didn't make no
difference to her." They went to Rhudy's Pawn Shop to redeem
Polson's pistol, a .32 caliber Smith and Wesson. After leaving
the pawn shop they went to Hay Street in downtown Fayette-
ville and eventually to a place called The Green Derby. There
Joyce Barrow found Michelle Johnson and Michelle was told
about the robbery plans. They returned to Hay Street where
Polson told Joyce Barrow and Michelle Johnson "to get some-
body and bring them back to Bass Street and said that we'd take
it from there."

The two girls, using Polson's pistol, attempted to rob a
woman selling Avon products but failed. All four conspirators

then went to Bass Street and stayed together until Milton L. Royal drove into the nearby parking lot. Then, acting according to plan, Joyce Barrow and Michelle Johnson approached Royal and asked for cigarettes. After giving each of them a cigarette, he turned to walk away and was confronted by Raymond Carmichael and John Polson who, with gun in hand, demanded his watch, ring and billfold. As Royal reached for his billfold Polson grabbed the gun from Carmichael and shot Royal in the left side. Polson then took Royal's watch, keys to the car and billfold. As ordered by Polson, Royal opened the trunk of the car, got in, and Carmichael slammed the lid. The four robbers then drove Royal's car to Smith Lake at Fort Bragg.

The trunk was opened at Smith Lake and Royal was ordered out. Royal ran but Polson caught him in the woods and brought him back to a latrine building where Carmichael struck him in the side with his first. Royal ran again, tripped and fell, and Polson shot him in the stomach. While Mr. Royal lay on the ground, Polson shot him again. The two men then took him into the latrine building, removed his clothing and put him in a latrine. Polson then struck Royal with a lug wrench and thereafter shot him for the fourth time. He then fired twice into the latrine and called for "Joyce" to bring him some more bullets. The Johnson girl brought them and went back to the car. Polson began firing again and eventually left the latrine building. He fastened the door with the lug wrench and apparently thought Royal was dead.

The men returned to the car and, with Michelle Johnson and Raymond Carmichael in the back seat and Joyce Barrow and John Polson in the front, left Smith Lake and drove to New Jersey in the victim's car.

About ten o'clock the next morning the four robbers were apprehended by the New Jersey State Police. A search of their personal belongings revealed in defendant's possession (1) a cartridge holder with twenty-four empty and six live rounds for a .32 caliber weapon, (2) Milton Royal's bank credit card, library card, checkbook, receipts, Veteran's Administration card, motor vehicle inspection card, Ford Motor Company payment book and a bank deposit receipt.

All four of the robbers were returned to North Carolina for trial. John Polson and Raymond Carmichael pled guilty to armed robbery and assault with a deadly weapon with intent to

kill. Michelle Johnson pled guilty to armed robbery. Defendant Joyce Barrow pled not guilty and testified as a witness in her own behalf. Her testimony tends to show that she was sixteen years old; that she and Michelle Johnson approached Mr. Royal for a cigarette and saw the gun for the first time when Raymond Carmichael drew it on Royal; that she knew nothing of any planned robbery and thought Polson was joking when he laughingly asked her and the others about robbing someone; and that she was ordered into the car by Polson and went under coercion. She further testified that she received nothing from the robbery.

Defendant Joyce Barrow was convicted of aggravated kidnapping and armed robbery. Judge Bailey imposed a life sentence for each offense, to run concurrently. Defendant appealed assigning errors discussed in the opinion.

*Rufus L. Edmisten, Attorney General; Isham B. Hudson, Jr., Assistant Attorney General, for the State of North Carolina.*

*Edward J. David, attorney for defendant appellant.*

HUSKINS, Justice.

[1] Defendant first assigns as error the failure of the trial court to grant her motion for "judgment of acquittal" at the end of the State's evidence and at the conclusion of all the evidence.

Although we are unable to find mention of such a motion in our criminal procedure, it is apparent that defendant is attacking the sufficiency of the evidence to go to the jury. Therefore, for purposes of this appeal, defendant's motion for judgment of acquittal—like a motion for "a directed verdict of not guilty," *State v. Holton,* 284 N.C. 391, 200 S.E. 2d 612 (1973)—will be treated as a motion for judgment of nonsuit under G.S. 15-173.

We note that defendant offered evidence at trial and thus, under the provisions of G.S. 15-173, waived her right to except on appeal to the denial of her motion at the close of the State's evidence. *State v. McWilliams,* 277 N.C. 680, 178 S.E. 2d 476 (1971). Nevertheless, her later motion, made at the close of all the evidence, draws into question the sufficiency of all the evidence to go to the jury. G.S. 15-173. *See State v. Robbins,*

275 N.C. 537, 169 S.E. 2d 858 (1969) ; *State v. Norris,* 242 N.C. 47, 86 S.E. 2d 916 (1955).

Such motion requires the trial judge to consider the evidence in the light most favorable to the State and to give the State the benefit of every reasonable inference to be drawn therefrom. *State v. Vincent,* 278 N.C. 63, 178 S.E. 2d 608 (1971). All the evidence actually admitted, whether competent or incompetent, which is favorable to the State must be considered when ruling on the motion. *State v. Walker,* 266 N.C. 269, 145 S.E. 2d 833 (1966). If there is any evidence tending to prove the fact of guilt, or which reasonably leads to that conclusion as a logical and legitimate deduction, the question of guilt is for the jury. So upon motion for nonsuit the question is whether there is substantial evidence—direct, circumstantial, or both—to support a finding that the offense charged has been committed and that the accused committed it. *State v. Smith and Foster,* 291 N.C. 505, 231 S.E. 2d 663 (1977) ; *State v. McKinney,* 288 N.C. 113, 215 S.E. 2d 578 (1975). There must be substantial evidence of all material elements of the offense charged. *State v. McKinney, supra; State v. Hill,* 272 N.C. 439, 158 S.E. 2d 329 (1968).

The evidence in this case is sufficient to support findings that the victim, Milton Royal, was accosted by the defendant and three other people, robbed at gunpoint, taken away in his own car, shot, beaten and left for dead. There can be no question that this evidence establishes, as defendant appears to concede, the commission of an armed robbery, G.S. 14-87, and an aggravated kidnapping, G.S. 14-39. To withstand a motion for judgment of nonsuit, however, it is also necessary to show that the crimes were committed by this defendant. *See State v. Bass,* 253 N.C. 318, 116 S.E. 2d 772 (1960).

It appears that defendant did not play the dominant role in the commission of the crimes. Even so, when two or more persons "aid and abet each other in the commission of a crime, all being present, all are principals and equally guilty." *State v. Keller,* 268 N.C. 522, 151 S.E. 2d 56 (1966) ; *accord, State v. Terry,* 278 N.C. 284, 179 S.E. 2d 368 (1971) ; *State v. Oliver,* 268 N.C. 280, 150 S.E. 2d 445 (1966) ; *State v. Sellers,* 266 N.C. 734, 147 S.E. 2d 225 (1966) ; *State v. Kelly,* 243 N.C. 177, 90 S.E. 2d 241 (1955). The fact that one is the dominant actor is immaterial on the question of guilt of the other participants.

*State v. Davenport,* 227 N.C. 475, 42 S.E. 2d 686 (1947). The State contends defendant aided in the planning of the crime, its execution, and the subsequent flight and that defendant's motion for "judgment of acquittal" was therefore properly denied. Defendant contends the evidence produced was not sufficient to withstand nonsuit and carry the case against her to the jury.

Evidence favorable to the State tends to show that John Polson asked the defendant and the others if they would like to rob someone, take his money and car, and go to New Jersey. The defendant replied that it made no difference to her. To implement this idea, the defendant, Polson and Carmichael went to Rhudy's Pawn Shop to get a pistol. Shortly thereafter they were joined by Michelle Johnson and she was told of the plan to rob someone. The two girls were told to "get somebody and bring them back." After scouting around, the girls returned to say that they had located a woman and believed they could get her bag. The others agreed and defendant and Johnson took the pistol and attempted to rob the lady. The attempt failed and the gun was returned to Carmichael.

Defendant and the others then waited in or near a parking lot until they spotted the victim, Milton Royal. Pursuant to a prearranged plan, defendant and Michelle Johnson distracted Royal while the others positioned themselves to accost him. After Royal was forced into the car, defendant went along of her own accord and without coercion from the others. Defendant voluntarily fled to New Jersey with the others.

While driving on the New Jersey Turnpike, the car was stopped and searched by a New Jersey State Trooper. During a search of the defendant, Officer Linden found a cartridge holder with twenty-four empty and six live rounds for a .32 caliber pistol. In her purse he found many articles belonging to Milton Royal, including his First Citizens credit card, library card, checkbook, receipts, Veteran's Administration card, motor vehicle inspection card, Ford Motor Company payment book, and a deposit receipt from First Citizens Bank.

Clearly this evidence, taken in the light most favorable to the State, implicates defendant as a willing participant in the planning and execution of the alleged crimes and in the subsequent flight. It matters not that defendant produced evidence to the contrary. Contradictions and discrepancies are matters

State v. Barrow

for the jury and do not warrant nonsuit. Defendant's first assignment was properly overruled.

Defendant next contends the court erred in not instructing the jury on lesser included offenses.

As defendant correctly notes, the necessity for a charge on a crime of a lesser degree arises only "when there is evidence from which the jury could find that a crime of lesser degree was committed." *State v. Bynum and Coley,* 282 N.C. 552, 193 S.E. 2d 725 (1973) ; *State v. Davis,* 282 N.C. 107, 191 S.E. 2d 664 (1972). *See also* 4 N. C. Index 3d, Criminal Law § 115 and cases cited.

[2] Defendant contends there is insufficient evidence to show that she acted in concert with the other participants in the alleged crimes and thus that her guilt, if any, must be of a lesser offense. We have already demonstrated that the evidence strongly supports the inference that defendant participated fully in the kidnapping and robbery. Nevertheless, we examine the record to determine if other evidence exists which would require submission of lesser included offenses.

The defendant offered no evidence at trial to show that lesser crimes were committed. Rather, the evidence she offered tends to show that she did not participate in the crimes. She contended at trial that she, in fact, did not know the others were planning a robbery; that when the robbery occurred she was forced to accompany the others; that she tried to get away but the car engine was flooded; that she refused to bring bullets for the gun; and that she was forced to accompany the others to New Jersey. This is not evidence of a lesser included offense; rather, it tends to show defendant's complete innocence. Thus there was no evidence from which the jury could find that a crime of lesser degree had been committed. *See State v. Terry, supra; State v. Lee,* 282 N.C. 566, 193 S.E. 2d 705 (1973). The charge of the trial judge was therefore correct. This assignment is overruled.

By her final assignment of error defendant asks this Court, in the exercise of its supervisory authority, to modify the sentences of life imprisonment imposed by the trial judge.

All other participants received lighter sentences. Raymond Carmichael pled guilty to armed robbery and assault with a deadly weapon with intent to kill and was sentenced to a prison

term of twenty-five to fifty years. John Polson pled guilty to the same charges and was sentenced to imprisonment for fifty years. Michelle Johnson pled guilty to armed robbery and was sentenced to a prison term of twenty years.

[3] There is no rule of law that sentences imposed upon defendants for a crime jointly committed by them must be equal. We have consistently held that a sentence which is within the maximum authorized by statute is not cruel and unusual in a constitutional sense, unless the punishment provisions of the statute itself are unconstitutional. *State v. Cradle,* 281 N.C. 198, 188 S.E. 2d 296 (1972) ; *State v. Rogers,* 275 N.C. 411, 168 S.E. 2d 345 (1969) ; *State v. Robinson,* 271 N.C. 448, 156 S.E. 2d 854 (1967) ; *State v. LePard,* 270 N.C. 157, 153 S.E. 2d 875 (1967) ; *State v. Greer,* 270 N.C. 143, 153 S.E. 2d 849 (1967) ; *State v. Taborn,* 268 N.C. 445, 150 S.E. 2d 779 (1966) ; *State v. Bruce,* 268 N.C. 174, 150 S.E. 2d 216 (1966). Where, as here, a sentence is within statutory limits the punishment actually imposed by the trial judge is a discretionary matter. *State v. Slade,* 291 N.C. 275, 229 S.E. 2d 921 (1976) ; *State v. Garris,* 265 N.C. 711, 144 S.E. 2d 901 (1965). Oftentimes, though not true here, the culpability of an accessory may exceed that of the principal. See, for example, *State v. Benton,* 276 N.C. 641, 174 S.E. 2d 793 (1970).

In this jurisdiction the punishment for aggravated kidnapping is imprisonment for not less than twenty-five years nor more than life, G.S. 14-39(b), and the punishment for armed robbery is imprisonment for not less than five years nor more than life. G.S. 14-87(a). Thus defendant's sentence for each offense is within the statutory maximum and will not be disturbed by this Court.

While in law there is no error in the life sentences imposed, the disparity between them and the sentences pronounced upon those who pled guilty would seem to warrant prompt review by the Board of Paroles. This Court corrects errors of discretion only in cases of manifest abuse. The verdicts and judgments must therefore be upheld.

No error.