State v. Edwards

_____

STATE OF NORTH CAROLINA v. LARRY KORNEGAY EDWARDS

No. 8226SC1075

(Filed 6 September 1983)

1. **Rape and Allied Offenses § 4— doctor's testimony concerning results of test for gonorrhea — substantive evidence — improperly admitted**
    The trial court erred in admitting the testimony of a doctor that test results for gonorrhea made on defendant were positive since his answer that the test results were positive was substantive evidence which proved the defendant had gonorrhea. The trial court, however, properly admitted the testimony of another doctor who testified that in his opinion the prosecuting witness had been exposed to gonorrhea, and he could testify to the results of a laboratory test for gonorrhea as the basis for his opinion.

2. **Criminal Law § 42.6— culture smears — no chain of custody necessary ·**
    Where culture smears were used in laboratory tests from which tests testimony was given, the culture smears were not real evidence and a chain of custody need not have been established.

3. **Rape and Allied Offenses § 6.1— instructions on lesser degrees of crime properly omitted**

    In a prosecution for second degree rape, the trial court properly failed to submit to the jury charges of attempted second degree rape and assault on a female since all of the evidence for the State showed that the defendant had intercourse with the prosecuting witness with force and against her will, and defendant's evidence showed that he neither had intercourse nor touched the prosecuting witness against her will.

APPEAL by defendant from *Beaty, Judge.* Judgment entered 9 April 1982 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 12 April 1983.

The defendant appealed from an active prison sentence imposed after he was convicted of second degree rape.

*Attorney General Edmisten, by Assistant Attorney General Robert R. Reilly, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender James H. Gold, for defendant appellant.*

WEBB, Judge.

[1]  In his first assignment of error the defendant argues that the court erred in admitting the testimony of two doctors.

Dr. William Guest who examined the defendant testified as follows:

    "Q. And as a result of your examination, did you order any laboratory tests be made?

    A. Yes, sir, my preliminary diagnosis at this time was either gonorrhea or non-specific urethritis.

    Q. Did you give him any treatment?

    A. Yes, sir, I did. Following obtainment of two preliminary tests — one was a culture for gonorrhea and the second was 'VDRL' which was for syphilis.

    Q. Did you have an opportunity to examine the test results from those tests?

    A. Yes, sir, I have.

Q. What did they show?

A. The 'VDRL' was negative and the gonorrhea was positive."

Dr. Philip DeHauf who treated the prosecuting witness testified that he ordered a test for gonorrhea, that he examined the results of the chemical test and the culture was positive for gonorrhea. He testified that in his opinion the prosecuting witness had been exposed to gonorrhea in the recent past.

The defendant argues that the testimony of both doctors violates the hearsay rule because each of them relied on a hospital record showing a positive result in a test for gonorrhea. We believe that the law as applied to this case is that the two doctors could have given their expert opinion on information gained from others, including laboratory tests, if it is inherently reliable and could have testified as to the information upon which they relied to form their opinions. Neither of them could offer as substantive evidence information supplied by others. *See State v. Wood,* 306 N.C. 510, 294 S.E. 2d 310 (1982) and *State v. Wade,* 296 N.C. 454, 251 S.E. 2d 407 (1979). Under this rule the testimony of Dr. Guest should have been excluded while the testimony of Dr. DeHauf was admissible. Dr. Guest's testimony that the test for gonorrhea was positive was substantive evidence which proved the defendant had gonorrhea. Dr. Guest did not use it to form a preliminary diagnosis of possible gonorrhea. Dr. DeHauf testified that in his opinion the prosecuting witness had been exposed to gonorrhea. This opinion was based in part on the laboratory test which was positive for gonorrhea. He could testify to the results of this test as the basis for his opinion.

We believe it was prejudicial error to admit the testimony of Dr. Guest. There was conflicting testimony as to whether defendant had intercourse with the prosecuting witness. The evidence that both parties had gonorrhea was substantial evidence to bolster the testimony of the prosecuting witness. We believe there is a reasonable possibility a different result would have been reached at trial had this evidence not been received. For this error we hold there must be a new trial.

We shall discuss some of the defendant's other assignments of error as the questions they pose may recur at the next trial.

[2] In his second assignment of error defendant, relying on *State v. Karbas,* 28 N.C. App. 372, 221 S.E. 2d 98 (1976), argues that the State did not establish a chain of custody for the culture smears which the two doctors had taken for laboratory tests. A chain of custody must be established for real evidence which cannot otherwise be identified. The culture smears were not real evidence. They were used in laboratory tests from which tests the testimony was given. We do not believe we should extend the rule by requiring proof of a chain of custody for types of evidence other than real evidence. The language of *Karbas* may support the defendant's position but we believe it is dictum. In that case the results of a blood test were received in evidence. The State proved a chain of custody so the testimony of the witness was admissible whether or not the State was offering real evidence. We have not found a case in which evidence other than real evidence has been excluded from evidence for failure to prove a chain of custody.

[3] The defendant also assigns error to the failure of the court to submit to the jury a charge of attempted second degree rape and assault on a female. All the evidence of the State showed that the defendant had intercourse with the prosecuting witness with force and against her will. The defendant's evidence showed that he did not have intercourse with the prosecuting witness and did not touch her against her will. Neither the State nor the defendant presented evidence of a lesser included offense. The defendant's evidence showed that he was not guilty of any offense. It was proper not to submit attempted second degree rape or assault on a female to the jury. *See State v. Barrow,* 292 N.C. 227, 232 S.E. 2d 693 (1977).

We do not discuss the defendant's other assignment of error as the question it raises may not recur at a subsequent trial.

New trial.

Judges WHICHARD and BRASWELL concur.